1998 ND 49

**Linda Pauline ZARRETT, Plaintiff and Appellant,**

v.

**Robert Warren ZARRETT, Defendant and Appellee.**

**Civil No. 970178.**

Supreme Court of North Dakota.

March 5, 1998.

Alisha L. Ankers (argued), of Johnson Law Office, Fargo, for plaintiff and appellant.

James R. Brothers (argued), of Wold Johnson, P.C., Fargo, for defendant and appellee.

NEUMANN, Justice.

[¶ 1] Linda Zarrett appeals from an amended divorce judgment requiring Robert Zarrett to pay $1992 per month in child support. We reverse and remand.

[¶ 2] When Robert and Linda married in 1983, Robert had previously been divorced. Robert and his first wife, Mary Ann, entered into a stipulation, which was incorporated into their divorce decree, for support of their two children. The relevant part of the decree provided:

> "IT IS ORDERED, ADJUDGED, AND DECREED that [Robert] shall pay to [Mary Ann], as and for child support, the sum of $500.00 per month per child commencing on September 1, 1983. Said sum to continue until each child reaches 18 years of age or graduates from high school, whichever occurs last. Thereafter, [Robert] shall pay college expenses which include tuition, books, room and board for four (4) years of college and, thereafter, for up to four (4) years in graduate school. Said child support payments shall be payable on the first day of each month following September 1, 1983, and shall be payable through the Clerk of District Court, Cass County, North Dakota, as trustee for remittance to [Mary Ann]. [Robert] shall make and execute a written assignment of his salary.... Said assignment of wages shall be sufficient to meet the child support payments as provided herein."

[¶ 3] Robert and Linda had two children, Diana, born in 1984, and David, born in 1987. When Robert and Linda divorced in 1990, they stipulated Linda would have custody of the children and Robert would pay $1200 monthly child support. The stipulated child

support provisions of their divorce decree also provided:

"Robert specifically agrees that he will not bring a Motion to modify his child support payments to Linda for Diana and/or for David, and use as a basis for such a Motion to modify the fact that he is paying college expenses for his children from a prior marriage. Either Robert or Linda is free, subject to applicable North Dakota law, to bring on a Motion to review the child support payments made by Robert to Linda at any time and for any reason permitted by law, other than the fact that Robert is paying college expenses for his two children from a prior marriage."

[¶ 4] In 1992 Linda moved for modification of child support. The court refused to modify support, concluding Linda had failed to show a significant change in the parties' financial circumstances.

[¶ 5] In 1996 Linda sought the assistance of the Regional Child Support Enforcement Unit (the Unit) to increase Robert's child support obligation in accordance with the North Dakota child support guidelines. On February 4, 1997, the Unit moved to amend the divorce judgment to increase Robert's child support obligation to $1992 per month. In calculating Robert's support, the Unit had deducted $33,000 from his annual income for graduate school expenses paid for his daughter from his first marriage. Robert agreed $1992 was the proper amount of support for Diana and David. Linda, however, filed a brief in opposition, asserting the deduction for college expenses was not allowed under the child support guidelines.[1] She asserted a proper calculation, without the $33,000 deduction for graduate school expenses, resulted in a $2753 monthly child support obligation.

[¶ 6] The court did not analyze whether a deduction for college payments was permissible under the guidelines, but held the 1990 and 1992 decisions were "the law of the case" and "res judicata" on the issue of deductibility of Robert's expenses for college and graduate school for the children of his

first marriage. The court therefore allowed the deduction and amended the judgment to require Robert to pay $1992 per month. Linda appealed.

[¶ 7] Under N.D.C.C. § 14–09–08.4(3), the Unit is authorized to seek modification of a prior child support order if the amount ordered is inconsistent with the child support guidelines found in N.D.A.C. Ch. 75–02–04.1. *Otterson v. Otterson*, 1997 ND 232, ¶ 8, 571 N.W.2d 648. If the prior order was entered at least one year before the current motion to modify, the trial court must order support in the presumptively correct amount under the guidelines, unless the presumption is rebutted. N.D.C.C. § 14–09–08.4(4); *Otterson*, 1997 ND 232, ¶ 8, 571 N.W.2d 648; *Nelson v. Nelson*, 547 N.W.2d 741, 744 (N.D.1996). The trial court did not follow the statutory directive to apply the guidelines and order support in the presumptively correct amount, but held the prior court orders were res judicata.

[¶ 8] A trial court has continuing power to modify an earlier child support order. *E.g.*, *Steffes v. Steffes*, 1997 ND 49, ¶ 14, 560 N.W.2d 888; *Eklund v. Eklund*, 538 N.W.2d 182, 185 (N.D.1995). Child support orders are given only "limited finality," resulting in an exception to the rule of claim preclusion. *Eklund*, 538 N.W.2d at 185. Thus, res judicata ordinarily will not prevent reexamination of a child support order, and, if the motion to modify support comes more than one year after the earlier order, N.D.C.C. § 14–09–08.4(3) "directs the court to modify it to meet the guidelines." *Eklund*, 538 N.W.2d at 186; *see also Nelson*, 547 N.W.2d at 744. The statutory scheme clearly envisions periodic reviews of child support orders to ensure support is at all times consistent with the current guidelines amount. *See* N.D.C.C. § 14–09–08.4. The trial court erred in applying the doctrine of res judicata in this case.

[¶ 9] Robert concedes there is no specific provision in the guidelines allowing deduction of college expenses paid on behalf of

---

1. Linda has not challenged the reasonableness of the $33,000 amount of the annual expenses for graduate school for Robert's adult daughter, but only whether those payments may be deducted at all. Nor does Linda challenge the deduction from Robert's income of spousal support payments he makes to his first wife.

other children, and the $1992 per month ordered by the court is less than the presumptively correct amount under the guidelines. Robert nevertheless asserts the court was correct in refusing to order the presumptively correct amount of support because the parties' 1990 stipulation took into consideration Robert's obligation to pay college and graduate school expenses for the children of his first marriage. Robert thus asserts Linda agreed to deduction of those expenses from his income before calculating child support.

[¶ 10] We have emphasized that, when modification is sought more than one year after the prior order, "NDCC 14–09–08.4(3) *requires* the trial court to modify the obligation 'to conform the amount of child support payment to that required under the child support guidelines.'" *Nelson,* 547 N.W.2d at 744. Based on the strong public policy for adequate support and maintenance of minor children, a stipulation by the parents prohibiting or limiting the power of the court to modify future child support is against public policy and invalid. *Smith v. Smith,* 538 N.W.2d 222, 226 (N.D.1995). Accordingly, we held that a stipulation purporting to restrict a father's child support obligation to "half of the children's reasonable and necessary expenses" violated public policy as expressed in the guidelines and was unenforceable. *Smith,* 538 N.W.2d at 227. Similarly, in *Steffes,* 1997 ND 49, ¶¶ 27–29, 560 N.W.2d 888 we held that a stipulation providing a father's child support was on a "per child" basis and would be reduced on a pro rata basis when one of his children became emancipated was inconsistent with the guidelines and would not be enforced.

[¶ 11] We conclude the stipulation by Robert and Linda, purporting to limit Robert's child support by allowing a $33,000 deduction from his income which is not recognized in the guidelines, improperly limits the court's authority to modify child support and is against public policy. The trial court, in resolving the motion to modify, was required to follow the directives of N.D.C.C. § 14–09–08.4(4) and should have ordered support in accordance with the guidelines.

[¶ 12] Robert asserts that, even if the stipulation is unenforceable, the court could

have nevertheless reached the same result by treating the $33,000 college payments as a "continued or fixed expense" over which he had no control under N.D.A.C. § 75–02–04.1–09(2)(j), thereby rebutting the presumptively correct amount under the guidelines. The trial court made no specific finding the presumptively correct amount had been rebutted, as required by the guidelines. *See, e.g., In Interest of L.D.C.,* 1997 ND 104, ¶ 8, 564 N.W.2d 298. Furthermore, deviation from the guidelines amount is appropriate only if the court first finds by a preponderance of the evidence that a deviation "is in the best interest of the supported children." N.D.A.C. § 75–02–04.1–09(2). There is no evidence in this record, nor a finding by the court, that it is in Diana and David's best interest to allow Robert to pay less than the guidelines amount for their support.

[¶ 13] Part of the difficulty in Robert's attempt to fit his college expense payments into one of the deviation categories under N.D.A.C. § 75–02–04.1–09(2) is that the parties and the trial court have apparently overlooked the guideline provision which explicitly applies to this situation. N.D.A.C. § 75–02–04.1–06.1 governs determination of support in multi-family cases, and provides a formula for calculating support when an obligor owes a duty of support to the children of more than one family. That provision requires the trial court to consider an obligor's multiple obligations to pay child support when calculating support under the guidelines. *Hogue v. Hogue,* 1998 ND 26, ¶ 22, 574 N.W.2d 579.

[¶ 14] The language of Robert's first divorce decree indicates the college and graduate school payments are in the nature of child support. Our prior cases also indicate that an order directing payment of postmajority support, including college expenses, constitutes child support. *See Steffes,* 1997 ND 49, ¶ 18, 560 N.W.2d 888; *Johnson v. Johnson,* 527 N.W.2d 663, 667–668 (N.D. 1995); *Anderson v. Anderson,* 522 N.W.2d 476, 479 (N.D.1994). Furthermore, under N.D.C.C. § 14–09–08.2(4), a court is authorized to order child support to continue past the age of eighteen "if the parties agree or if the court determines the support to be ap-

propriate." Robert's payments for graduate school expenses are child support, and his child support obligation for Diana and David must therefore be calculated under N.D.A.C. § 75–02–04.1–06.1.

[¶ 15] We reverse and remand for redetermination of Robert's child support obligation in accordance with this opinion.

[£ 16] VANDE WALLE, C.J., and MARING, MESCHKE and SANDSTROM, JJ., concur.

