Filed 10/30/98 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

      1998 ND 190     

Susan Lea Olson,                          Plaintiff and Appellant

       v.                                                        

Howard James Olson,                        Defendant and Appellee

Civil No. 970398

Appeal from the District Court for Richland County, Southeast Judicial District, the Honorable Mikal Simonson, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Sandstrom, Justice.

Duane A. Kragness, of Kragness and Sandberg, Ltd., P.O. Box 10, Wahpeton, N.D. 58074, for plaintiff and appellant.

Samuel S. Johnson, P.O. Box 5, Wahpeton, N.D. 58074-

0005, for defendant and appellee.

Olson v. Olson

Civil No. 970398

Sandstrom, Justice.

[¶1] Susan Lea Olson appealed from an amended judgment modifying child support.  We hold the trial court’s calculation of child support is clearly erroneous and we reverse and remand for a redetermination of the support amount.  

I

[¶2] Susan Lea Sherman and Howard Olson were married in 1984.  They have three children of the marriage, Melanie, age 14, Jessica, age 11, and Matthew, age 10.  The parties were divorced in December 1995.  Based upon stipulation, the parties were awarded joint legal and physical custody of the children, with the express intent each would have physical custody of the children for six months each year.  Also based upon stipulation, Howard Olson was ordered to pay child support of $477 per month.  

[¶3] In July 1996, Susan Olson moved to Valley City.  Motions for modification of the judgment were made, and based upon further stipulation, visitation schedules were modified in a December 1996 amended judgment.  The amended judgment awarded Susan Olson physical custody of the children during the school year, and awarded physical custody, or visitation, to Howard Olson during the summer.

[¶4] In May 1997, Susan Olson moved for an “amended visitation schedule, determining that [she] has physical custody, and that child support be changed in accordance with the changed circumstances of the parties.”  After a hearing, the trial court found there was no change of circumstances and denied amendment of the visitation schedule.  The court, however, recalculated child support under the child support guidelines.  It entered an amended judgment requiring Howard Olson to pay support of $780.42 per month.  Susan Olson appealed, claiming the court erred in abating Howard Olson’s support obligation for the time the children reside with him, erroneously computed his gross income for determining child support, and abused its discretion in setting the effective date of  the modified support obligation.  

[¶5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  The appeal is timely under N.D.R.App.P. 4(a).  This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28-27-01. 

II

[¶6] Susan Olson alleges the trial court erroneously determined Howard Olson’s child support obligation.  The trial court specifically found the children spend 60% of the time, or seven months each year, in her custody and 40% of the time, or five months each year, with him.  It computed a seven-month support obligation for him of $1,063 per month and a five-month support obligation for her of $40 per month.  The court offset her support obligation against his support obligation and amortized his obligation over a twelve-month period, resulting in twelve monthly payments of $605.92 each.  To the computed support amount, the court added $174.50 per month, because Howard Olson had agreed to pay that much additional child support under the original divorce decree in consideration of her “considerable debt from the marriage and limited income.”  His resulting support obligation, under the court’s order, is $780.42 per month.  

[¶7] A trial court’s findings of fact on a motion to modify child support are subject to review under N.D.R.Civ.P. 52(a), and will not be overturned on appeal unless they are clearly erroneous.  
Withey v. Hager
, 1997 ND 225, ¶ 6, 571 N.W.2d 142.  A finding of fact is clearly erroneous if it is 

induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made.  
Edwards v. Edwards
, 1997 ND 94, ¶ 4, 563 N.W.2d 394.  

A

[¶8] Susan Olson argues the court erroneously abated Howard Olson’s support obligation during times the children reside with him.  Although parents have a mutual duty to support their children, the child support guidelines contemplate child support payments be made by the noncustodial parent to the custodial parent.  
Dalin v. Dalin
, 545 N.W.2d 785, 789 (N.D. 1996).  Custodial parent is defined under N.D. Admin. Code § 75-02-04.1-01(4):

“Custodial parent” means a parent who acts as the primary caregiver on a regular basis for a proportion of time greater than the obligor, regardless of custody descriptions such as “shared” or “joint” custody given in relevant judgments, decrees, or orders.

The trial court specifically found Susan Olson has physical custody of the children a greater portion of the time than Howard Olson.  Consequently, for the purposes of the guidelines, she is the custodial parent.  As the custodial parent, she is entitled to receive child support each month from him. The guidelines preclude abatement of the noncustodial parent’s support obligation during times when the child resides with the noncustodial parent.  N.D. Admin. Code  § 75-02-04.1-

02(2); 
Edwards
, 1997 ND 94, ¶ 15, 563 N.W.2d 394; 
Dalin
, 545 N.W.2d at 790.  The court clearly erred by abating Howard Olson’s support for times the children are temporarily in his custody. 

B

[¶9] Howard Olson says he is not willing to pay an additional $174.50 monthly child support above the newly computed amount and the trial court clearly erred by adding it.  The scheduled support under the guidelines is the presumptively correct support amount.  N.D. Admin. Code § 75-02-04.1-13.  Under N.D.C.C. § 14-09-09.7(3) support must be ordered in the presumptive amount unless, taking into consideration the best interests of the children, the court finds the presumptive amount is not the correct amount of child support.  
Wagner v. Wagner
, 1998 ND 117, ¶ 5, 579 N.W.2d 207.  If the court finds the presumptive amount has been rebutted, it must make a specific finding on the record stating the presumptive amount, the criteria rebutting the presumptive correctness of that amount, and the correct amount of support warranted.  
Id.
  Even though Howard Olson agreed under the original decree to pay additional support, there is no provision under the guidelines to include the amount in the recalculated support obligation, absent specific findings by the trial court the additional amount, rather than the presumptive guidelines amount, is required in the best interests of the children.  The court did not make any finding the presumptive amount was rebutted or the best interests of the children require a different support amount.  Consequently, the court clearly erred by adding the $174.50 monthly amount to Howard Olson’s support obligation. 

[¶10] We conclude the trial court erroneously abated Howard Olson’s child support obligation for temporary periods the children reside with him and erroneously increased his support obligation without finding the presumptive support amount rebutted.  Consequently, the court must recalculate the appropriate child support amount under the guidelines.

III

[¶11] Susan Olson contends the trial court erroneously computed net income for determining Howard Olson’s child support obligation.  Under the guidelines, a court must first calculate an obligor’s gross income, defined as “income from any source, in any form . . . .”  N.D. Admin. Code § 75-02-

04.1-01(5).  Once the court determines gross income, certain items, including tax obligations adjusted as required by the guidelines, health insurance premiums affording coverage for the child, and FICA and Medicare obligations, are subtracted to determine the obligor’s net income.  N.D. Admin. Code § 75-

02-04.1-01(7); 
see also
 
Edwards
, 1997 ND 94, ¶ 5, 563 N.W.2d 394.  The obligor’s net income is then used to set the support amount.  N.D. Admin. Code § 75-02-04.1-10.  The guidelines specifically enumerate the deductions allowable in computing net income.  N.D. Admin. Code §§ 75-02-04.1-01(7) and (8).  The child support order “must include a statement of the net income of the obligor . . . and how that net income was determined.”  N.D. Admin. Code § 75-02-04.1-02(10).  

[¶12] The trial court used the first six months of Howard Olson’s 1997 earnings to compute his net income for child support purposes.  The court deducted $1,058 from his $3,986 gross monthly employment earnings and $43 from his $168 monthly self-employment income, resulting in a net monthly income of $3,053.  The court made a valiant effort to compute his income without much help from either party’s attorney.  Susan Olson argues “under 1997 income tax rates, the total deductions for federal tax, self-employment tax, social security/medicare tax and North Dakota state tax is $10,450.  Therefore, it is submitted that the court’s calculation of $13,212 for deductions is too high by $2,762.”  Under N.D. Admin. Code § 75-02-04.1-01(7), the court must use standard deductions and tax tables in calculating an obligor’s net income.  
Schleicher v. Schleicher
, 551 N.W.2d 766, 769 (N.D. 1996).  The withholding amount shown on an obligor’s W-2 form and the actual taxes an obligor has paid are essentially irrelevant unless it is demonstrated those amounts are based upon standard deductions.  
Id.
 

[¶13] Handicapped by the limited help from the parties, the trial court did not clearly state how it obtained Howard Olson’s income amount or what specific deductions it used to calculate the amount.  The trial court apparently deducted Howard Olson’s actual federal and state income tax withholding amounts instead of using standard deductions as required by the guidelines.  On remand the trial court must correct those errors, recalculate the child support amount, and clearly state how it has determined Howard Olson’s net income.

IV

[¶14] Susan Olson contends the trial court erred in setting the effective date of the modified child support obligation.  The trial court entered its findings, conclusions, and order for amended child support on September 29, 1997.  It set the effective date of the modified child support obligation for October 1, 1997, a couple of days after entry of its order, reasoning “the Third Amended Judgment should have been signed by then and it will give the Clerk adequate time to prepare a new income withholding order.” 

[¶15] The trial court’s decision setting an effective date is subject to review under an abuse of discretion standard.  
Edwards
, 1997 ND 94, ¶ 16, 563 N.W.2d 394.  The effective date for a modification of child support depends upon the facts of each case, and the court may make its order modifying child support effective on the date the motion was filed, any date the motion was pending, the date the court issued its order, or some later date.  
Id.
  The trial court set the effective date to begin almost immediately after entry of its order for modification of Howard Olson’s support obligation.  The date the court set to begin the modified support payments is reasonable, particularly in view of the limited help the court received from the parties, and we are unpersuaded the court abused its discretion in setting the effective date. 

V

[¶16] The amended judgment is reversed, and the case is remanded for a redetermination by the trial court of Howard Olson’s child support obligation.

[¶17] Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Gerald W. VandeWalle, C.J.

[¶18] The Honorable Herbert L. Meschke, a member of the Court 

when this case was heard, retired effective October 1, 1998, and did not participate in this decision.