2002 ND 135

**Marlys GEINERT, Plaintiff, Appellee, and Cross–Appellant,**

v.

**Michael GEINERT, Defendant, Appellant, and Cross–Appellee.**

**No. 20020040.**

Supreme Court of North Dakota.

Aug. 15, 2002.

Daniel H. Oster, Neubauer & Oster, for plaintiff, appellee, and cross-appellant.

Arnold V. Fleck, Fleck Law Office, for defendant, appellant, and cross-appellee.

NEUMANN, Justice.

[¶ 1] Michael Geinert appealed from judgments amending an original divorce judgment, and Marlys Geinert cross-appealed. We conclude the district court abused its discretion in making the modification of child support effective beginning with the July 2001 payment, rather than from the date of Michael's motion two

years earlier, and the court did not abuse its discretion when it declined to impute income to Michael. We reverse and remand for further proceedings in accordance with this opinion.

## I

[¶ 2] Michael and Marlys Geinert were divorced by a judgment dated August 16, 1994. The original judgment awarded custody of the parties' five minor children to Marlys and ordered Michael to pay child support of $900 per month until each child reached nineteen years of age or graduated from the 12th grade, whichever occurred first. Michael was also ordered to pay $100 per month toward child support arrearages. The judgment stated the court retained continuing jurisdiction over child support and the amount of child support could be modified in the future, and notified the parties of their right to request a review of child support under N.D.C.C. § 14–09–08.9.

[¶ 3] On May 30, 1999, Michael moved to amend the judgment, seeking a reduction of child support and modification of his duty to provide health insurance and medical expenses for the children. Marlys filed a cross-motion, seeking an increase in spousal support and modification of the health insurance provisions for the children.

[¶ 4] Due to a series of procedural and discovery disputes, the election defeat of the assigned judge, and withdrawal by Marlys's original attorney, the motion ultimately remained pending for more than two years. An evidentiary hearing was held on January 31–February 1, 2000. On June 15, 2001, the district court issued its memorandum opinion, and on July 18, 2001, the court entered its findings of fact,

conclusions of law, and order for judgment. The first amended judgment was entered on July 20, 2001. Michael filed a motion to alter or amend the amended judgment, and a second amended judgment was entered on December 26, 2001.

[¶ 5] The court found that Michael's net monthly income was $1,517.89, resulting in a child support obligation for the two remaining minor children of $441 per month. The court ordered that Michael pay support of $441 per month beginning with the July 2001 payment. Child support would be reduced to $330 a month when the older of the two minor children graduated from high school or turned 19, and would terminate altogether when the youngest child graduated or turned 19.[1] Michael appealed, and Marlys cross-appealed.

## II

[¶ 6] Michael argues the trial court erred in setting July 1, 2001, as the effective date of the reduction in child support, rather than the date Michael filed his motion. Michael argues he was required for more than two years to pay child support in an amount in excess of the presumptively correct amount under the child support guidelines.

[¶ 7] Section 14–09–09.7(3), N.D.C.C., creates a rebuttable presumption that the amount of child support as determined by application of the child support guidelines is the correct amount of child support. *Dufner v. Dufner*, 2002 ND 47, ¶ 22, 640 N.W.2d 694. This presumption that the guideline amount is correct, and must be ordered unless the court specifically finds the presumptive amount is not the correct amount of child support,

---

1. The court also modified the health insurance and medical expense provisions of the judgment, and denied Marlys's motion to increase spousal support and her request for attorney fees. Those decisions have not been challenged on appeal.

applies to motions to modify the original child support order. *Olson v. Olson,* 1998 ND 190, ¶ 9, 585 N.W.2d 134; *Zarrett v. Zarrett,* 1998 ND 49, ¶ 7, 574 N.W.2d 855; *Schleicher v. Schleicher,* 551 N.W.2d 766, 769 (N.D.1996). Michael argues that, based upon this presumption, any modification of child support should be given effect from the time of the filing of the motion.

[¶ 8] We summarized our prior pronouncements on the effective date of child support modification in *Schleicher,* 551 N.W.2d at 770 (citations omitted):

> The effective date for a modification of child support depends upon the facts of each case. The trial court may make its order modifying child support effective on the date the motion was filed, any date the motion was pending, the date the court issued its order, or some later date. Once a petition to modify support has been filed, interested parties are on notice that the terms of the support obligation may be changed by the court.
>
> The reason for allowing a modification of child support to take effect as of the time of filing was explained in *Gabriel [v. Gabriel],* 519 N.W.2d [293,] 295 [(N.D.1994)] (quoting *Olson v. Garbe,* 483 N.W.2d 775, 776 (N.D.1992)):
>
> > " 'If the order increasing or decreasing the obligation were required to be prospective from the date of its entry, then the party owing the support obligation or the party to whom such obligation is due could by dilatory tactics postpone his obligation to pay increased or decreased support almost indefinitely....' "

In *Schleicher,* we expressly noted that the parties had not argued the presumptive effect of the guidelines required that the modification be applied as of the date of the motion:

> We do not address the issue, not raised by the parties, that because the guidelines provide a presumptively correct amount of child support, that amount should presumptively apply back to the date the motion was filed.

*Schleicher,* at 770 n. 4. In subsequent cases in which the presumption issue again was not raised, we continued to employ the standards enunciated in *Schleicher.* See *Olson,* 1998 ND 190, ¶ 15, 585 N.W.2d 134; *Edwards v. Edwards,* 1997 ND 94, ¶ 16; 563 N.W.2d 394; *Steffes v. Steffes,* 1997 ND 49, ¶ 14, 560 N.W.2d 888.

[¶ 9] We have previously hinted that the preferred effective date for an order modifying child support is the date the motion was filed. In *Steffes,* 1997 ND 49, ¶ 14, 560 N.W.2d 888 (emphasis added), we concluded "the effective date for a modification of child support *generally is the date the motion was filed,* or some later date." Similarly, in *Edwards,* 1997 ND 94, ¶ 17, 563 N.W.2d 394, we concluded the trial court had abused its discretion when it set an effective date for a modification of child support later than the date of the motion because the parent had a clear duty to support the child from that date under the guidelines:

> The trial court delayed the effective date of Edwards' support payments to July 1, 1996, explaining that May 1, 1996 would be an appropriate date, but the court would provide Edwards a two-month credit for Ciara's 1996 summer visits. The court's reasoning was clearly a misapplication of the guidelines. The original divorce decree contemplated each party would have physical custody of Ciara for an equal amount of time and, therefore, neither parent was ordered to pay child support. However, the parties agree Ciara began living most of the time with Blore as of September 1995, when Ciara started school.

Under the guidelines, Blore then became the custodial parent. N.D.A.C. § 75–02–04.1–01(4). The trial court must apply its discretion according to the facts. Under these circumstances, and without any proper reason for a contrary effective date, we conclude it was an abuse of discretion for the trial court to delay the beginning of Edwards' support payments later than February 1996, the month in which the motion to begin support payments was filed, because there was a clear duty to support, but no support payments were being made.

The purpose of continuing jurisdiction and periodic reviews of child support orders is "to insure support is at all times consistent with the current guidelines amount." *Lauer v. Lauer*, 2000 ND 82, ¶ 4, 609 N.W.2d 450; *see also Zarrett*, 1998 ND 49, ¶ 8, 574 N.W.2d 855.

[¶ 10] We conclude that, in order to effectuate the public policy underlying the guidelines, a modification of child support generally should be made effective from the date of the motion to modify, absent good reason to set some other date. The trial court retains discretion to set some later effective date, but its reasons for doing so should be apparent or explained.

[¶ 11] Under the facts in this case, it was an abuse of discretion to delay, without explanation, the effective date of the modification until July 2001, more than two years after Michael moved to modify his support obligation. Michael was required to pay substantially more than the presumptively correct amount under the guidelines for those two years. He was required to continue paying an amount which had been based upon five minor children, when at the time the amended judgment was finally entered there were only two minor children for whom he owed support.

[¶ 12] Under these circumstances, and in view of the presumption we adopt today that the date of the motion is generally the appropriate effective date for modification of child support, we conclude the trial court abused its discretion in setting July 2001 as the effective date for the modification of child support. We reverse the order setting July 2001 as the effective date, and remand with directions that the trial court's order modifying the amount of child support be made effective beginning with the June 1999 payment.[2]

### III

[¶ 13] On her cross-appeal Marlys argues the district court erred in calculating Michael's child support obligation, contending the court should have imputed income to Michael under N.D. Admin. Code § 75–02–04.1–07(9).

### A

[¶ 14] Initially there is some dispute over which version of the child support guidelines should be applied in this case. Michael served his motion to modify child support on May 30, 1999. On August 1, 1999, amendments to the child support guidelines, including N.D. Admin. Code § 75–02–04.1–07(9), became effective. When the district court finally resolved the

---

**2.** The trial court calculated Michael's child support obligation for one and two children, respectively. At the time of Michael's motion, however, there were three minor children to whom Michael owed a duty of support. On remand the court will be required to compute Michael's child support based upon three children beginning with the June 1999 payment until the obligation to the third-youngest child terminated under the terms of the divorce judgment.

motion in 2001, it apparently applied the 1999 amended version of the guidelines.

[¶ 15] In *Shaver v. Kopp*, 545 N.W.2d 170, 176–77 (N.D.1996), this Court indicated that when the child support guidelines were amended after the hearing on the motion but before the court rendered its decision, the amended guidelines should be applied. We similarly conclude that it was not error to apply the 1999 amended version of the guidelines in this case.

### B

[¶ 16] Marlys argues the trial court erred in failing to impute income to Michael under N.D. Admin. Code § 75–02–04.1–07(9). That regulation provides:

Notwithstanding subsections 4, 5, and 6, if an obligor makes a voluntary change in employment resulting in reduction of income, monthly gross income equal to one hundred percent of the obligor's greatest average monthly earnings, in any twelve consecutive months beginning on or after thirty-six months before commencement of the proceeding before the court, for which reliable evidence is provided, less actual monthly gross earnings, may be imputed without a showing that the obligor is unemployed or underemployed.

[¶ 17] Section 75–02–04.1–07(9) was adopted in 1999 to allow imputation of income without a showing of unemployment or underemployment if the child support obligor has voluntarily changed employment resulting in a reduction in income. *Minar v. Minar*, 2001 ND 74, ¶ 23–24, 625 N.W.2d 518. Marlys argues that, because Michael voluntarily changed jobs in 1997 resulting in a reduction in income, the court was required to impute income to Michael under N.D. Admin.

Code § 75–02–04.1–07(9) and base his child support obligation upon the greatest twelve months' earnings beginning on or after thirty-six months prior to commencement of the modification proceedings.

[¶ 18] We have previously determined, however, that the decision whether to impute income under N.D. Admin. Code § 75–02–04.1–07(9) lies within the discretion of the trial court [3]:

The current guidelines do not expressly incorporate a "reasonableness" rule which would preclude imputation of income when an obligor's voluntary reduction of income was "reasonable." We do not mean to imply, however, that the obligor's reasons for changing employment, and reasonableness of her actions, are wholly irrelevant to the decision to impute income under N.D. Admin. Code § 75–02–04.1–07(9). That section provides that the court "may" impute income when an obligor has voluntarily reduced her income. When a court *may* do something, it is not mandatory but is generally a matter within the court's discretion. Thus, the court may consider the reasons for the obligor's change of employment when exercising its discretion in determining whether to impute income under N.D. Admin. Code § 75–02–04.1–07(9).

*Logan v. Bush*, 2000 ND 203, ¶ 14, 621 N.W.2d 314 (citations omitted); *see also Minar*, 2001 ND 74, ¶ 24, 625 N.W.2d 518. When a decision lies within the trial court's discretion, its decision will be reversed on appeal only if the court has abused its discretion. *See, e.g., Lukenbill v. Fettig*, 2001 ND 47, ¶ 6, 623 N.W.2d 7. A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or un-

---

**3.** If a change in employment results in unemployment or underemployment, the trial court must impute income under N.D. Admin.Code

§ 75–02–04.1–07(3). *See Minar*, 2001 ND 74, ¶¶ 12, 23, 625 N.W.2d 518.

conscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Knutson v. Knutson*, 2002 ND 29, ¶ 7, 639 N.W.2d 495; *Kopp v. Kopp*, 2001 ND 41, ¶ 7, 622 N.W.2d 726.

[¶ 19] The record in this case demonstrates that in 1997 Michael voluntarily left his job at a restaurant to accept a higher paying job with a better possibility of advancement. Before Michael began the new job, however, the company began working on a merger with another company and the promised position for Michael never materialized. Michael thereafter started his own trucking business, and the trial court found that at the time of the evidentiary hearing in 2000 Michael was earning more than the average for truck drivers in western North Dakota.

[¶ 20] The trial court was free to consider the reasons for and circumstances surrounding Michael's change in employment and reduction in income, and had discretion to decide whether to impute income under N.D. Admin. Code § 75–02–04.1–07(9). Under the circumstances in this case, we conclude the trial court did not abuse its discretion in declining to impute income to Michael.

### IV

[¶ 21] We have considered the remaining issues raised by the parties and they are either unnecessary to our decision or are without merit. We reverse the first and second amended judgments and remand for further proceedings in accordance with this opinion.

[¶ 22]GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.