704 N.W.2d 838 (2005)
2005 ND 177
In the Interest of L.D.M.
Mary K. O'Donnell, Rolette County State's Attorney, Petitioner and Appellee
v.
L.D.M., Respondent and Appellant.
No. 20040319.
Supreme Court of North Dakota.
October 18, 2005.
*839 Mary Kathleen O'Donnell (on brief), State's Attorney, Rolla, ND, for petitioner and appellee.
William Robert Hartl, Rugby, ND, for respondent and appellant.
MARING, Justice.
[¶ 1] L.D.M. appealed from an order committing him to the care and custody of the Executive Director of the Department of Human Services for treatment as a sexually dangerous person. On appeal, L.D.M. asserts the State failed to provide two independent expert opinions, as required under N.D.C.C. § 25-03.3-13, and the order of commitment should be reversed. We hold the State met its burden of proof, and we affirm the order of commitment.
[¶ 2] L.D.M. was convicted in Rolette County of gross sexual imposition and was sentenced to serve 10 years at the North Dakota State Penitentiary. Prior to L.D.M.'s release, the State filed a petition seeking to commit him as a sexually dangerous individual under N.D.C.C. ch. 25-03.3. The State introduced evidence by two experts, Joseph Belanger, Ph.D., and Rosalie Etherington, Ph.D., both psychologists, who evaluated L.D.M. to determine whether he is a sexually dangerous individual. L.D.M. requested a separate evaluation by Robert Gulkin, Ph.D., whose opinion *840 was also introduced at the hearing. All three psychologists concluded L.D.M. has an anti-social personality disorder that makes it likely he will commit further acts of sexually predatory conduct.
[¶ 3] L.D.M. contends the State must produce two "independent experts" to establish the elements for civil commitment under N.D.C.C. ch. 25-03.3, and asserts the opinions of Dr. Belanger and Dr. Etherington cannot be considered independent opinions, because both individuals are employed by the North Dakota Department of Human Services and Jamestown College and they conferred with each other to arrive at a jointly held conclusion. L.D.M. also contends the court cannot rely upon the expert opinion of Dr. Robert Gulkin, because Gulkin was an expert witness for L.D.M., not for the State.
[¶ 4] Our standard of review for appeals from commitments of sexually dangerous individuals under N.D.C.C. ch. 25-03.3 is a modified clearly erroneous standard. In re D.V.A., 2004 ND 57, ¶ 7, 676 N.W.2d 776. We affirm the trial court's order of committal unless it is induced by an erroneous view of the law or we are firmly convinced the court's decision is not supported by clear and convincing evidence. Id.
[¶ 5] Under N.D.C.C. § 25-03.3-13, the burden is on the State to show by clear and convincing evidence the defendant is a sexually dangerous individual. In addition, N.D.C.C. § 25-03.3-13, provides in relevant part:
An individual may not be committed unless evidence is admitted establishing that at least two experts have concluded the individual has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction that makes that individual likely to engage in further acts of sexually predatory conduct.
Referring to this statute in In re M.B.K., 2002 ND 25, ¶ 11, 639 N.W.2d 473, this Court said:
[T]he State must produce two experts to independently establish two elements: (1) that the respondent has some sort of disorder and (2) that disorder makes him or her "likely to engage in further acts of sexually predatory conduct."
L.D.M. asserts the requirement that two experts independently establish the statutory elements means the experts cannot be employed by the same employer and cannot confer to reach jointly held conclusions. L.D.M. places too broad an interpretation on the quoted language in the M.B.K. opinion. In that case, this Court upheld the trial court's civil commitment, which was based upon separate opinions of two experts who were both employed by the Department of Human Services. This Court's statement in M.B.K. that the State must produce "two experts to independently establish two elements" means each expert must come to his own conclusion. This Court did not say the experts could not be employed by the same employer or could not confer during the evaluation process. More significantly, N.D.C.C. § 25-03.3-13, does not use the phrase "independently establish" and contains no directive requiring the experts not be employed by the same employer or not confer during the evaluation process.
[¶ 6] There is no evidence either expert relied on the other's conclusion to arrive at his own opinion. The reports produced by the experts in this case clearly show that each psychologist conducted a thorough evaluation and examination of the relevant data and separately concluded L.D.M. has a personality disorder that makes it likely he will engage in further acts of sexually predatory conduct. That evidence satisfies the State's burden in this case.
*841 [¶ 7] Furthermore, there is no requirement under the statute that the court only rely upon expert testimony provided by the State's witnesses. The court, in its discretion, can consider the relevant testimony of any qualified expert at the trial, and, in considering the totality of the evidence, the court can rely on the testimony of an expert witness called by the defendant.
[¶ 8] Having reviewed the record, we conclude the court's decision is supported by clear and convincing evidence and is not clearly erroneous. We, therefore, affirm the order of commitment.
[¶ 9] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, and DANIEL J. CROTHERS, JJ., concur.
DALE V. SANDSTROM, J.
I concur in the result.