2011 ND 25

In the Interest of L.D.M.

**Rolette County State's Attorney, Petitioner and Appellee**

v.

**L.D.M., Respondent and Appellant.**

**No. 20100137.**

Supreme Court of North Dakota.

Feb. 8, 2011.

Lisa B. Gibbens, Acting Assistant State's Attorney, Rolla, N.D., for petitioner and appellee.

William R. Hartl, Rugby, N.D., for respondent and appellant.

MARING, Justice.

[¶ 1] L.D.M. appeals from a trial court order finding he remains a sexually dangerous individual and continuing his civil commitment in the care, custody, and con-

trol of the executive director of the Department of Human Services. We reverse and remand because the trial court did not make sufficient findings to permit appellate review.

## I

[¶ 2] In 2004, L.D.M. was civilly committed as a sexually dangerous individual. We affirmed the order of commitment in *Interest of L.D.M.*, 2005 ND 177, 704 N.W.2d 838. In December 2008, L.D.M. filed a petition for discharge to review his status as a sexually dangerous individual. In February 2009, Dr. Lynne Sullivan, a licensed psychologist at the North Dakota State Hospital and the State's expert, completed an annual evaluation of L.D.M. and recommended his continued commitment on the ground L.D.M. remains a sexually dangerous individual who is likely to engage in future acts of sexually predatory conduct. Additionally, Dr. Stacey Benson, a licensed psychologist and an independent expert, completed an evaluation of L.D.M. in October 2009. Dr. Benson opined L.D.M. remains a sexually dangerous individual who is likely to re-offend.

[¶ 3] The trial court held a discharge hearing on March 23, 2010, and received evidence, including testimony and reports from both experts. L.D.M. testified on his behalf and submitted a handwritten "Statement of Facts" and "Brief on Supporting Caselaw," which the trial court admitted as exhibits. After the hearing, the court issued an order denying L.D.M.'s petition for discharge. The court concluded:

> Based on the agreement of both, the State expert and the independent expert, that [L.D.M.] remains a sexually dangerous offender and is likely to engage in further predatory acts, and that he has poor impulse control and difficulty controlling his behavior, the Court ORDERS [ ] [t]he petition for Discharge is denied and the respondent remains in

the care, custody and control of the Executive Director of the Department of Human Services.

L.D.M. timely appealed.

## II

[¶ 4] We review civil commitments of sexually dangerous individuals under a modified clearly erroneous standard of review. *Matter of Midgett*, 2010 ND 98, ¶ 6, 783 N.W.2d 27. The Court will affirm a trial court order denying a petition for discharge unless it is induced by an erroneous view of the law or the Court is firmly convinced the decision is not supported by clear and convincing evidence. *Id.* "At a discharge hearing, the State has the burden of proving by clear and convincing evidence that the committed individual remains a sexually dangerous individual." *Id.* at ¶ 7. A sexually dangerous individual is:

> [A]n individual who is shown to have [1] engaged in sexually predatory conduct and who [2] has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction that [3] makes that individual likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others.

N.D.C.C. § 25–03.3–01(8). "In addition to the three statutory requirements, to satisfy substantive due process the State must also prove the committed individual has serious difficulty controlling his behavior." *Midgett*, 2010 ND 98, ¶ 8, 783 N.W.2d 27. Thus, we have construed the definition of a sexually dangerous individual to require a nexus between the disorder and dangerousness, including evidence showing the individual has serious difficulty controlling his behavior, which distinguishes a sexually dangerous individual from other dangerous persons. *Interest of Maedche*, 2010 ND 171, ¶ 10, 788 N.W.2d 331.

### III

■ [¶ 5] L.D.M. argues the trial court erred in finding he has serious difficulty controlling his behavior and in continuing his commitment as a sexually dangerous individual.

■ [¶ 6] The trial court found that "[b]oth experts testified [L.D.M.] had and would have difficulty controlling his behavior." We have previously held that under N.D.R.Civ.P. 52(a), a trial court must "find the facts specially and state separately its conclusions of law." *Matter of Midgett*, 2009 ND 106, ¶ 8, 766 N.W.2d 717. We explained:

> Conclusory, general findings do not comply with N.D.R.Civ.P. 52(a), and a finding of fact that merely states a party has failed in or has sustained its burden of proof is inadequate under the rule. The court must specifically state the facts upon which its ultimate conclusion is based on. The purpose of the rule is to provide the appellate court with an understanding of the factual issues and the basis of the district court's decision. . . . This Court cannot review a district court's decision when the court does not provide any indication of the evidentiary and theoretical basis for its decision because [the Court] is left to speculate what evidence was considered and whether the law was properly applied. The court errs as a matter of law when it does not make the required findings.

*Id.* "Detailed findings, including credibility determinations and references to evidence the court relied on in making its decision, inform the committed individual and this Court of the evidentiary basis for the court's decision." *Matter of T.O.*, 2011 ND 9, ¶ 4, 793 N.W.2d 204.

[¶ 7] Here, the trial court did not specifically state the findings upon which it relied in formulating its conclusion. The court merely stated both experts testified L.D.M. has serious difficulty controlling his behavior. By failing to provide the factual basis for its decision, the trial court did not comply with N.D.R.Civ.P. 52(a). We therefore reverse and remand for sufficient findings of fact on whether L.D.M. remains a sexually dangerous individual, including whether L.D.M. has serious difficulty controlling his behavior. Because we are reversing and remanding for further findings, we need not address L.D.M.'s other arguments.

### IV

[¶ 8] We reverse the trial court order and remand to the court for the preparation of sufficient findings of fact on the record made at the March 23, 2010, discharge hearing.

[¶ 9] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS and CAROL RONNING KAPSNER, JJ., concur.

SANDSTROM, Justice, dissenting.

[¶ 10] The majority reverses on an issue not raised by L.D.M.—the adequacy of the detail in the findings. *See* N.D.R.App.P. 28 (the issues are specified in the statement of issues in the briefs of the parties); *Geinert v. Geinert*, 2002 ND 135, ¶ 8, 649 N.W.2d 237 (we do not address issues not raised by the parties). The respondent does not argue that findings were not sufficient, and the findings in this case are very similar to the findings affirmed in the previous case related to this respondent. *Interest of L.D.M.*, 2005 ND 177, 704 N.W.2d 838.

[¶ 11] The evidence is overwhelming, and I would affirm.

[¶ 12] DALE V. SANDSTROM