Filed 3/22/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 59

In the Interest of Richard Raymond Vondal

State of North Dakota, Petitioner and Appellee

v.

Richard Raymond Vondal, Respondent and Appellant

No. 20100221

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Brian David Grosinger (argued), Assistant State’s Attorney, 210 2nd Avenue NW, Mandan, ND 58554, for petitioner and appellee.

Susan Schmidt (argued), 400 East Broadway Avenue, Suite 27, Bismarck, ND 58501, for respondent and appellant.

Interest of Vondal

No. 20100221

Crothers, Justice.

[¶1] Richard Raymond Vondal appeals the district court’s order finding he is a sexually dangerous individual and civilly committing him to the care, custody and control of the Department of Human Services.  We reverse and remand for the district court to make sufficient findings about whether Vondal has serious difficulties controlling his behavior. 

I

[¶2] Vondal was incarcerated until March 2008 for his conviction of gross sexual imposition against a fifteen-year-old female.  Due to an administrative error, Vondal was not placed on probation when he was released from prison.  On September 4, 2009, the State filed a petition requesting Vondal be civilly committed as a sexually dangerous individual.  On May 14, 2010, the district court held a commitment hearing.  The court received evidence including written reports and testimony from Dr. Robert Lisota, a forensic psychologist for the state hospital, and from Dr. James Gilbertson, an independent practicing forensic psychologist.  Dr. Lisota testified Vondal met the criteria to be committed as a sexually dangerous individual.  Dr. Gilbertson agreed that Vondal met several prongs of the commitment test but that he was not likely to engage in future acts of sexually predatory conduct and that Vondal did not have a serious difficulty controlling his behavior. 

[¶3] On June 22, 2010, the district court issued an order finding Vondal is a sexually dangerous individual and civilly committed him to the care, custody and control of the Department of Human Services.  Vondal appealed.

II

[¶4] We have described our standard of review as follows:

“In reviewing a trial court’s order committing an individual as sexually dangerous, this Court applies a modified clearly erroneous standard and will affirm unless the order is induced by an erroneous view of the law, or we are firmly convinced the order is not supported by clear and convincing evidence.”

In re J.M.
, 2006 ND 96, ¶ 11, 713 N.W.2d 518. 

[¶5] To commit someone as a sexually dangerous individual:

“[T]he State must prove by clear and convincing evidence (1) the individual has engaged in sexually predatory conduct, (2) the individual has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction, and (3) the condition makes the individual likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others.”

In re A.M.
, 2010 ND 163, ¶ 13, 787 N.W.2d 752; 
see also
 N.D.C.C. § 25-03.3-01(8).  In addition, the State must show the “individual has serious difficulty controlling his behavior.”  
In re A.M.
, at ¶ 13.  “Thus, we have construed the definition of a sexually dangerous individual to require a nexus between the disorder and dangerousness, including evidence showing the individual has serious difficulty controlling his behavior, which distinguishes a sexually dangerous individual from other dangerous persons.”  
In re L.D.M.
, 2011 ND 25, ¶ 4.  

[¶6] Vondal argues the district court erred by finding he is likely to engage in future acts of sexual misconduct.  After discussing the basis for Dr. Lisota’s and Dr. Gilbertson’s differing opinions, the district court found:

“Both experts provide to the Court Vondal meets the first three prongs of the analysis.  Dr. Gilbertson finds Vondal is not likely to engage in future acts of sexual predatory conduct.  Dr. Gilbertson bases this on his finding Vondal does not have a paraphilic disorder or sexual deviancy that would drive future sexual offending.  Dr. Gilbertson relies on Vondal’s probation to ensure he avoids substance abuse.  Dr. Gilbertson further finds Vondal’s lack of criminal conduct after release from prison and not to probation as an indicator of better self control.

“The Court can understand the theory presented by Dr. Gilbertson.  The Court does not agree with Dr. Gilbertson given the age of Vondal’s victims being at 12 years old in the 1987 offense and 15 years old in the 1999 offense.  Dr. Gilbertson’s finding of antisocial inclinations with substance abuse as the cause of his sex offending does not explain Vondal’s offending against children.  The Court agrees with Dr. Lisota and finds by clear and convincing evidence Vondal has a paraphilic disorder and/or a sexual deviancy given his proclivity to offend against children, even after receiving treatment.
”

“A choice between two permissible views of conflicting evidence is not clearly erroneous.”  
Coughlin Constr. Co. v. Nu-Tec Indus., Inc.
, 2008 ND 163, ¶ 14, 755 N.W.2d 867 (quotation omitted).  The evidence supports this finding, and the district court did not clearly err by finding Vondal is likely to engage in further acts of sexual misconduct.  

III

[¶7] Vondal argues he does not have serious difficulty controlling his behavior.  The district court did not make a specific finding about whether Vondal has serious difficulty controlling his behavior.  Rather, the court stated only that it agreed with Dr. Lisota, who “found based on his prior convictions, Vondal has had difficulty controlling his sexual behaviors.”  

[¶8] “We have previously held that under N.D.R.Civ.P. 52(a), a trial court must ‘find the facts specially and state separately its conclusions of law.’”  
In re L.D.M.
, 2011 ND 25, ¶ 6 (quoting 
In re Midgett
, 2009 ND 106, ¶ 8, 766 N.W.2d 717).  We have explained:

“Conclusory, general findings do not comply with N.D.R.Civ.P. 52(a), and a finding of fact that merely states a party has failed in or has sustained its burden of proof is inadequate under the rule.  The court must specifically state the facts upon which its ultimate conclusion is based on.  The purpose of the rule is to provide the appellate court with an understanding of the factual issues and the basis of the district court’s decision. . . . This Court cannot review a district court’s decision when the court does not provide any indication of the evidentiary and theoretical basis for its decision because [the Court] is left to speculate what evidence was considered and whether the law was properly applied.  The court errs as a matter of law when it does not make the required findings.” 

In re L.D.M.
, at ¶ 6 (quoting 
In re Midgett
, at ¶ 8). 

[¶9] Here, the sparse finding does not comply with N.D.R.Civ.P. 52(a) because it fails to explain the reasons why the court determined Vondal has difficulty controlling his behavior.  We reverse and remand for specific findings about whether, based on the record from the commitment hearing, Vondal has serious difficulty controlling his behavior.  

IV

[¶10] We reverse the trial court’s order committing Vondal as a sexually dangerous individual and remand for specific findings about whether Vondal has serious difficulty controlling his behavior. 

[¶11] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

Sandstrom, Justice, dissenting.

[¶12] For the reasons set forth in my dissent in 
Interest of L.D.M.
, 2011 ND 25, ¶¶ 10-11, I respectfully dissent.  The majority reverses on an issue not raised by Vondal—the adequacy of the detail in the findings.  
See
 N.D.R.App.P. 28 (the issues are specified in the statement of issues in the briefs of the parties); 
Geinert v. Geinert
, 2002 ND 135, ¶ 8, 649 N.W.2d 237 (we do not address issues not raised by the parties).  The respondent does not argue that findings were not sufficient.

[¶13] The evidence is clear and convincing, and I would affirm.

[¶14] Dale V. Sandstrom