C. H. CARPENTER LUMBER COMPA-
NY, Plaintiff and Appellant,

v.

Marvin J. SCHAUER and Violet R.
Schauer, husband and wife; C & E Fi-
nance, Inc., a corporation; Curtis Elec-
tric, Inc., a corporation; Peavey Compa-
ny, a foreign corporation; Don Wilhelm,
Inc., a corporation; Structural Products,
Inc., a corporation; Jerry's South Side
Exxon; Wendell Simonsen, Peter Si-
monsen and Marvin Parsons, doing busi-
ness as Kensal Lumber Company; Unit-
ed Accounts, Inc., a corporation; State
of North Dakota for the benefit of the
Workmen's Compensation Bureau;
Keith Facey, doing business as Gambles;
Willy Fercho; Farmers Union Grain
Terminal Association, formerly known
as Great Plains Supply Company; Unit-
ed States of America; and State of
North Dakota, Defendants and Appel-
lees.

Civ. No. 10049.

Supreme Court of North Dakota.

May 19, 1982.

Rehearing Denied July 8, 1982.

Hjellum, Weiss, Nerison, Jukkala & Wright, Jamestown, for plaintiff and appellant; argued by James A. Wright, Jamestown.

Mackenzie, Jungroth, Mackenzie & Reisnour, Jamestown, for defendants and appellees; argued by James R. Jungroth, Jamestown.

PEDERSON, Justice.

This appeal is from a judgment [1] rejecting Carpenter's attempt to foreclose a mechanic's lien. Challenge is made to findings of fact which determined that the account of the demand due filed with the clerk of court did not meet statutory requirements, see Ch. 35–27, NDCC, and, therefore, rendered the lien invalid. Our review, pursuant to Rule 52(a), NDRCivP, leads us to conclude that the findings of fact are not clearly erroneous. *See Ask, Inc. v. Wegerle*, 286 N.W.2d 290 (N.D.1979). The judgment is affirmed.

Section 35–27–11, NDCC,[2] provides in part:

"Itemized account and demand conditions precedent to obtaining lien for materials. No person shall be entitled to a lien under this chapter unless he shall:

"1. Keep an itemized account thereof *separate and apart from all other items of account against purchaser.*"

[Emphasis added.]

The trial court found that Carpenter had only one revolving charge account for Schauer, number 1081, to which was charged all items purchased during the time Schauer was constructing his garage, shop and house on the property which is the subject of the mechanic's lien in question. At the same time, Schauer was involved in a number of other jobs in connection with his contracting business for which he also purchased materials from Carpenter.

Evidence was introduced that when the account was opened, Schauer and Carpenter agreed that purchases would be charged to Schauer's personal account, unless Carpenter was told to charge them to a specific job. Evidence was also introduced that there was no separate numbered account for each of these other jobs but that all purchases were charged to Schauer's account number 1081 and notations were made only on the invoices, indicating for which particular job the purchases were made. The purchases of material for other designated projects were separately billed and not included in the monthly bills for account number 1081. These purchases were also not posted on the ledger sheets which were filed with the clerk of court in the attempt to perfect Carpenter's lien.

The evidence disclosed, however, that the invoices which contained notations that they were chargeable to certain jobs were never removed from account number 1081. Carpenter's bookkeeper testified that there was only one account for Schauer. The record shows that all of Schauer's purchases, either personal or for other jobs, were debited and credited to account 1081.

■ Reviewing the findings made by the trial court as a whole, we cannot say that a mistake has been made. The evidence supports the trial court's findings of fact which, in turn, support the judgment. Carpenter's lien was properly denied. Other arguments made on this appeal do not affect the review we are authorized to make under Rule 52(a), NDRCivP.

The judgment is affirmed. The court properly denied Carpenter's motion to amend the findings and the judgment.

Schauer is entitled to costs pursuant to Rule 39, NDRAppP.

ERICKSTAD, C. J., VANDE WALLE and SAND, JJ., and NEUMANN, District Judge, concur.

NEUMANN, District Judge, sitting in place of PAULSON, J., disqualified.

---

1. Carpenter also appealed from an order denying a motion for amended findings of fact or additional findings of fact (Rule 52(b), NDRCivP), and for amendment of the judgment (Rule 59(h), NDRCivP).

2. None of the amendments to the mechanic's lien statutes made by Chapter 361, S.L.1981, are applicable to this action.

On Petition for Rehearing

PEDERSON, Justice.

In its petition for rehearing Carpenter avers that this court, in its opinion, referred to findings of fact which were not made by the trial court. In a response which we requested from Schauer pursuant to Rule 40(a), NDRAppP, it is portrayed that, while it could be argued that there were findings missing, the evidence was uncontroverted and the decision was not clearly erroneous.

 This court, or individual members of it, have for many years reiterated the need for a trial court to "find facts specially and state separately its conclusions of law thereon," as required by Rule 52(a), NDRCivP. Uncontroverted evidence does not excuse a missing, but required, finding of fact under that rule.

Nevertheless, this court must be realistic. Rule 52(a) specifically authorizes this court to examine a trial court opinion or memorandum of decision for findings of fact and conclusions of law. In this case, because the findings of fact were poorly prepared, we sought the basis of the trial court's decision from apparent and inferred findings of fact and conclusions of law in the trial court's memorandum opinion. In doing that we do not imply that this will be our policy in every case where findings of fact are in some degree deficient.

It is the duty of an appellant to demonstrate to this court which findings of fact are clearly erroneous. By placing the label "clearly erroneous" on findings of fact, he has not fulfilled that duty. We expect appellees to clear up deficiencies in findings of fact in the trial court. They should not come into this court arguing that the findings of fact are "only unartfully drafted."

The workload of the trial courts and of this court dictate that we not remand for new findings of fact under such circumstances, when we were not urged to do so until a petition for rehearing had been filed. We conclude that the mechanic's lien law has been correctly applied in this case.

The petition for rehearing is denied.

ERICKSTAD, C. J., VANDE WALLE and SAND, JJ., and NEUMAN, District Judge, concur.

NEUMANN, District Judge, sitting in place of PAULSON, J., disqualified.