1997 ND 104

**In the Interest of L.D.C.**

**Daniel P. RICHTER, Director of Ward County Social Service Board, Plaintiff and Appellant,**

v.

**Linda CLARK, Defendant and Appellee.**

**Civil No. 960291.**

Supreme Court of North Dakota.

June 3, 1997.

Steven James Simonson, Assistant State's Attorney, Minot, for plaintiff and appellant.

Linda Clark, Minot, pro se.

SANDSTROM, Justice.

[¶ 1] The director of the Ward County Social Service Board appeals the amount of child support awarded by the district court. Because the district court clearly erred in awarding child support in an amount less than required under the child support guidelines, we reverse and remand for imposition of the proper amount of child support as required by the guidelines.

I

[¶ 2] In August of 1995, the Ward County Social Service Board took custody of L.D.C., a minor child. The Minot Regional Child Support Enforcement Unit sought child sup-

port from the child's mother. At the time of the August 5, 1996, hearing, L.D.C.'s mother worked at a minimum-wage job and had a monthly income of $560. She had one other minor child living with her at the time. At the hearing, the district court calculated L.D.C.'s mother's obligation under the child support guidelines as $89 per month. The district court then expressed its concern for the welfare of the child living with the obligor. The court said, "If somebody's going to have to suffer, I don't know why it ought to be that child. If I have to inflict suffering on somebody, I would rather inflict it upon the State of North Dakota than the child who's at home." The court specifically stated, "I'm not going to follow the guidelines. I'm going to direct that the respondent pay $25 a month child support."

[¶ 3] The Child Support Enforcement Unit appeals from the August 23, 1996, judgment of the Ward County District Court. The district court had jurisdiction under N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D.Const. Art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

[¶ 4] "The trial court's determination on child support is a finding of fact and will be affirmed unless it is clearly erroneous." *Peterson v. Peterson*, 555 N.W.2d 359, 363 (N.D.1996); *Linrud v. Linrud*, 552 N.W.2d 342, 346 (N.D.1996); N.D.R.Civ.P. 52(a). "[A] finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made." *Shaver v. Kopp*, 545 N.W.2d 170, 174 (N.D. 1996); *Nelson v. Nelson*, 547 N.W.2d 741, 743 (N.D.1996).

■■■ [¶ 5] Under N.D.Admin. Code § 75–02–04.1–11, a parent remains financially responsible for support of a child in foster care. *In Interest of K.G.*, 551 N.W.2d 554, 555 (N.D.1996). The Department of Human Services adopted the child support guidelines

to determine the amount "a parent should be expected to contribute toward the support of the child." *K.G.* (quoting *Perala v. Carlson*, 520 N.W.2d 839 (N.D.1994)). N.D.C.C. § 14–09–09.7(3) creates a rebuttable presumption the amount calculated under the guidelines is the correct amount of support. *Dalin v. Dalin*, 545 N.W.2d 785, 787 (N.D. 1996).

[¶ 6] In this case, the obligor had a monthly gross income of $560, as defined under N.D.Admin. Code § 75–02–04.1–01(5).

■■ [¶ 7] N.D.Admin. Code § 75–02–04.1– 06.1 allows for reduction when the obligor is responsible for support of another child. N.D.Admin. Code § 75–02–04.1–06.1(1) states:

"This section must be used to determine the child support amount presumed to be the correct amount of child support in all cases involving an obligor who:

. . . .

"b. Owes a duty of support to at least one obligee and also owes a duty of support to a child living with the obligor who is not also the child of that obligee."

Applying N.D.Admin. Code § 75–02–04.1– 06.1, the district court determined the obligor had an $89–per–month child support obligation.

■■ [¶ 8] "The trial court may deviate from the presumptively correct amount of support under the guidelines only if it finds, by a preponderance of the evidence, that the presumptive amount is not the correct amount of support required, taking into consideration the best interests of the child." *Schleicher v. Schleicher*, 551 N.W.2d 766, 769 (N.D.1996); *K.G.* at 556. "Deviation from the guidelines requires the court to make a written finding or a specific finding on the record." *Beals v. Beals*, 517 N.W.2d 413, 417 (N.D.1994).[1] N.D.Admin. Code § 75–02– 04.1–09(2) lists specific circumstances under which the presumptively correct amount would be rebutted. The list of available criteria is exclusive. *Horner v. Horner*, 549

---

1. When the court orders child support in an amount inconsistent with the guidelines, we urge the State, or other parties, to inquire into the basis for deviation so the record is clear as to how support was calculated.

N.W.2d 669, 670 (N.D.1996). There is no finding of a ground for reducing child support under N.D.Admin. Code § 75–02–04.1–09(2), nor is there any evidence in the record to support such a reduction.

[¶ 9] Because the court did not impose a child support obligation as required under N.D.Admin. Code § 75–02–04.1–06.1 or specifically find a ground allowing a deviation from that amount, we conclude the district court's award of child support in the amount of $25 per month is clearly erroneous.

### III

[¶ 10] Because the district court's child support calculation is clearly erroneous, we reverse and remand to the district court for imposition of the $89–per–month child support obligation required by the guidelines.

[¶ 11] VANDE WALLE, C.J., and NEUMANN, MARING and MESCHKE, JJ., concur.

