1998 ND 117

**Walter D. WAGNER, Plaintiff and Appellant,**

v.

**Bernadette WAGNER, Defendant and Appellee.**

**Civil No. 970224.**

Supreme Court of North Dakota.

June 4, 1998.

Rauleigh D. Robinson, Bismarck, for plaintiff and appellant.

Patricia E. Garrity, of Bair, Bair & Garrity, LLP, Mandan, for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Walter Wagner appealed from an order denying his motion to modify the child support provisions in a divorce judgment.

---

We affirm and remand for consideration of Bernadette Wagner's request for attorney fees on appeal.

## I

[¶ 2] Walter and Bernadette Wagner were divorced in 1996. Walter Wagner was ordered to pay $751 monthly child support for the parties' two minor children living with Bernadette Wagner, based upon his average income from farming for the previous five years. *See* N.D.A.C. § 75–02–04.1–05(3). In 1997, Walter Wagner was held in civil contempt of court for failing to comply with spousal support, attorney fees, and property settlement provisions of the divorce judgment. The court at that time found: "Since the judgment was entered, [Walter Wagner] has purposely placed himself in a position so that he is unable to comply with the terms of the Judgment."

[¶ 3] On May 22, 1997, Walter Wagner moved to eliminate or reduce his child support obligation, asserting his farm income had decreased dramatically. The district court summarily denied his motion, and Walter Wagner appealed.

[¶ 4] The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. § 27–05–06. This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. §§ 28–27–01 and 28–27–02. The appeal was timely under N.D.R.App.P. 4(a).

## II

[¶ 5] On appeal, Walter Wagner asserted the district court erred in failing to order the presumptively correct amount under the North Dakota Child Support Guidelines. Bernadette Wagner conceded the court did not order support in the presumptive amount under the guidelines, but had impliedly found the presumptive amount had been rebutted. N.D.C.C. § 14–09–09.7(3) requires support be ordered in the presumptive amount unless, taking into consideration the best interests of the children, the court finds the presumptive amount is not the correct amount of child support. *In re L.D.C.*, 1997 ND 104, ¶ 8, 564 N.W.2d 298; *Beals v. Beals*, 517 N.W.2d 413, 417 (N.D.1994). If the court determines the presumptive amount has been rebutted, it must make "[a] written finding or a specific finding on the record" stating the presumptive amount, the criteria that rebut the presumptive correctness of that amount, and the correct amount of support warranted. N.D.C.C. § 14–09–09.7(3); *see L.D.C.,* 1997 ND 104, ¶ 8, 564 N.W.2d 298; *Beals,* 517 N.W.2d at 417.

[¶ 6] We agreed with Walter Wagner the district court's one-line summary denial in this case did not satisfy the requirements of N.D.C.C. § 14–09–09.7(3), and on November 19, 1997, we remanded to the district court for a determination of Walter Wagner's income, the presumptively correct amount of support under the guidelines, and whether the presumptively correct amount had been rebutted. We retained jurisdiction under N.D.R.App.P. 35(b), and held the appeal in abeyance until determination of the issues by the district court.

[¶ 7] On March 12, 1998, the district court issued findings of fact and conclusions of law. The court found Walter Wagner's average annual income from farming for the years 1992 through 1996 was $5,847, resulting in a presumptively correct amount under the guidelines of $126 per month for support of two children. The court further found Walter Wagner had engaged in an asset transaction for the purpose of reducing his income and had purposely placed himself in a position so he is unable to comply with the judgment. *See* N.D. Admin. Code § 75–02–04.1–09(2)(h). The court therefore found, taking into account the best interests of the children, the presumptive amount had been rebutted and a deviation was warranted. The court ordered Walter Wagner to pay $750 per month as child support.

[¶ 8] The record was returned to this Court, and on April 22, 1998, we entered an order permitting the parties to file supplemental briefs, due May 4, 1998, addressing the district court's findings of fact and conclusions of law. Neither party filed a brief or other response.

[¶ 9] On appeal, a trial court's findings of fact are presumed to be correct, and the complaining party bears the burden of demonstrating a finding is clearly erroneous.

*E.g., Christmann v. Christmann*, 1997 ND 209, ¶ 6, 570 N.W.2d 221; *Reimche v. Reimche*, 1997 ND 138, ¶ 12, 566 N.W.2d 790. If the parties do not challenge specific findings of fact, we will not review them. *In re Estate of Helling*, 510 N.W.2d 595, 597 (N.D. 1994); *Buegel v. City of Grand Forks*, 475 N.W.2d 133, 134 (N.D.1991); *Alumni Ass'n of the University of North Dakota v. Hart Agency, Inc.*, 283 N.W.2d 119, 121 (N.D. 1979).

[¶ 10] As the appellant, Walter Wagner had the duty to challenge specific findings of fact and demonstrate they were clearly erroneous. *See C.H. Carpenter Lumber Co. v. Schauer*, 321 N.W.2d 460, 462 (N.D. 1982) (On Petition for Rehearing). He was given a full opportunity to challenge the district court's findings in this case but failed to do so. The findings are therefore presumptively correct, and we will not review them.

### III

[¶ 11] Bernadette Wagner seeks attorney fees for this appeal. Although we have concurrent jurisdiction with the trial court to decide this issue, we have recognized the trial court is generally in a better position to consider the relevant factors. *E.g., Withey v. Hager*, 1997 ND 225, ¶ 10, 571 N.W.2d 142. We therefore prefer the trial court consider whether to grant attorney fees for this appeal.

### IV

[¶ 12] The order denying the motion to modify child support is affirmed, and we remand for consideration of Bernadette Wagner's request for attorney fees for the appeal.

[¶ 13] VANDE WALLE, C.J., and NEUMANN, MARING and MESCHKE, JJ., concur.