657 N.W.2d 273 (2003)
2003 ND 34
In the Interest of T.H.
Keith Berger, Director of Grand Forks County Social Service Board, Assignee for T.H., Plaintiff and Appellee,
v.
Jeff L. Holt, Defendant and Appellant.
No. 20020139.
Supreme Court of North Dakota.
March 5, 2003.
*274 Dale R. Rivard, Grand Forks, ND, for plaintiff and appellee.
Jeff L. Holt, Grand Forks, ND, pro se.
VANDE WALLE, Chief Justice.
[¶ 1] Jeff Holt appealed from a district court judgment[1] ordering him to pay child support for his son T.H. while T.H. was in foster care. We affirm.
[¶ 2] This Court recently affirmed the juvenile court's amended judgment which placed T.H. in the custody of the Division of Juvenile Services. In the Interest of T.M.H., 2003 ND 25, ¶ 1, 656 N.W.2d 709. In In the Interest of T.M.H., we described the details and chronology of T.H.'s placements with the Grand Forks County Social Service Board ("Social Services") and the Division of Juvenile Services. See id. at ¶ 2.
[¶ 3] T.H. was first placed in foster care in September 2001. Holt claims no one informed him about his responsibility for the costs of T.H.'s foster care, until he received an Application for Default Judgment. However, the court noted an affidavit of proof of service stating Holt had been served with a copy of the summons and complaint. In May 2002, at Holt's request, the district court heard oral argument on Social Services' Application for Default Judgment. Social Services sought back child support from Holt for September 2001 through January 2002 and for April 2002 through May 2002. It also sought an award of ongoing child support.
[¶ 4] The district court found Holt had a duty to support T.H. Holt's child support obligation was calculated according to the child support guidelines at $135 per month, and he was ordered to pay $945 for past care. The court also ordered Holt to pay $135 per month in ongoing child support beginning June 15, 2002, until T.H. turned eighteen years old or was no longer in foster care. As of September 30, 2002, the court suspended Holt's child support obligation because T.H. had been released from foster care. T.H. has since turned eighteen years old.
[¶ 5] The record in this case also reflects Holt's attempts, through subpoenas and multiple motions, to obtain T.H.'s files from various agencies, including itemized listings of the costs of T.H.'s care. Holt was allowed to review portions of T.H.'s files, but he could not make any copies and a representative of the agency had to be present during his review. The district court also denied Holt's motion to suspend his ongoing child support and payment of arrearages pending appeal. This Court *275 denied Holt's Motion for Limited Remand. In his appellate brief, Holt refers to his inability to obtain copies of the files and a "reasonable cost break down" of T.H.'s care and treatment expenditures to demonstrate why he should not have to pay child support.
[¶ 6] On appeal, Holt challenges his obligation to pay child support for T.H. He asserts Social Services' failure to provide his son with proper supervision caused T.H. to "proceed in unruly like behavior." Holt argues he should not have to pay child support while T.H. was in foster care because Social Services provided T.H. with "such poor services."
[¶ 7] A parent's obligation to support his or her child is a statutory requirement. See N.D.C.C. § 14-09-08 (stating parents have a mutual duty to support their children and either or both parents may be compelled by the court to support their children). According to N.D.C.C. § 14-08.1-01, an individual who is legally responsible for supporting a child "is liable for the reasonable value of physical and custodial care or support which has been furnished to the child by any person, institution, agency, or county social service board."
[¶ 8] The legal duty to support remains when a child is placed in foster care. See In the Interest of L.D.C., 1997 ND 104, ¶ 5, 564 N.W.2d 298; In re K.G., 551 N.W.2d 554, 555 (N.D.1996). Under N.D.C.C. § 27-20-49, a court may order parents to pay all or part of their child's foster care costs and expenses, if they are financially able and if they have due notice and are afforded the opportunity to be heard. See In re K.G., 551 N.W.2d at 555. Section 75-02-04.1-11, N.D. Admin. Code, dealing with parental responsibility for children in foster or guardianship care, states the importance of parents
maintain[ing] a tie to and responsibility for their child when that child is in foster care. Financial responsibility for the support of that child is one component of the maintenance of the relationship of parent and child. Parents of a child subject to a guardianship order under North Dakota Century Code chapter 27-20 or 30.1-27 remain financially responsible for the support of that child.
Holt analogizes his unwillingness to pay child support to a refusal to pay for a poorly performed service contract. Because no contract existed here, his analogy fails. Holt had a legal duty to support his son, and this duty remained while T.H. was in foster care.
[¶ 9] Our child support system is an obligor-based system, which determines child support payments according to the obligor's income. See Eklund v. Eklund, 538 N.W.2d 182, 187 (N.D.1995) (describing the rationale for adopting child support guidelines using the obligor model). Child support guidelines determine, as a rebuttable presumption, the amount of a parent's child support obligation. N.D.C.C. § 14-09-09.7(3). We have previously stated "[w]e see no basis for deviating from the Legislature's preference for uniformity, or the child support guidelines, to calculate a parent's support obligation to his or her child in foster care." In re K.G., 551 N.W.2d at 557 (citations omitted); see also In the Interest of L.D.C., 1997 ND 104, ¶ 5, 564 N.W.2d 298.
[¶ 10] Holt's child support obligation was calculated according to the child support guidelines at $135 per month. We note Holt's obligation under the child support guidelines is substantially less than the cost expended per month to care for his son; during September 2001 to January 2002 and April 2002, the foster care expenses for T.H. ranged from *276 $1,390.06 to $3,057.78, while Holt's obligation was determined to be $135 a month. Holt does not contest the amount of child support the court ordered him to pay, rather he asserts he should not have to pay because Social Services did not provide T.H. with "adequate care" or give T.H. "proper help." Holt has no legal basis to protest paying support for his son while in foster care despite Holt's inability to obtain all the records he seeks and his dissatisfaction with the services Social Services provided for T.H.
[¶ 11] We conclude Holt had a legal obligation to support his son while in foster care and his child support obligation was calculated according to the child support guidelines. We affirm the judgment.
[¶ 12] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.
NOTES
[1] Holt moved to appeal the district court's "finding [sic] of fact, conclusions of law, and order for judgment." We consider this an appeal from the subsequently entered consistent judgment. See, e.g., Hentz v. Hentz, 2001 ND 69, ¶ 1 n. 1, 624 N.W.2d 694.