GARY A. LITE, Petitioner-Appellee,
v.
YUKIKO McCLURE, Respondent-Appellant.
No. 29107.
Intermediate Court of Appeals of Hawaii.
May 8, 2009.
On the brief:
Byron Y. Fujieda, (Sloper & Fujieda), for Respondent-Appellant.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE and FUJISE, JJ.
Respondent-Appellant Yukiko McClure (McClure) appeals from an Order for Protection entered by the Family Court of the Second Circuit (family court)[1] on April 3, 2008.
On March 24, 2008, in FC-DA No. 08-1-0128, Petitioner-Appellee Gary A. Lite (Lite) filed an ex parte petition for a temporary restraining order pursuant to Hawaii Revised Statutes (HRS) Chapter 586 (Petition) against McClure. The family court issued a temporary restraining order, and subsequently conducted a hearing on the Petition on April 3, 2008. The family court then entered the Order for Protection, which restrained McClure from contacting or threatening Lite, passing within 100 yards of Lite's residence, attending Adult Ballroom classes located at the Kihei Community Center, and entering and/or visiting Lite's workplace. The Order for Protection was effective for a period of ten years.
On appeal, McClure contends that:
(1) The family court's "findings of fact were clearly-erroneous when [the family court] granted the order for protection in finding that there was domestic abuse in the ast and that a protective order was necessary to prevent future acts of domestic abuse or recurrence of abuse."
(2) The family court "erred in concluding a [t]en year Order [for] Protection was needed to prevent domestic abuse or a recurrence of abuse."
Upon careful review of the record and the brief submitted by McClure[2] and having given due consideration to the arguments advanced and the issues raised, we resolve McClure's points of error as follows:
(1) The family court's findings of past domestic abuse and that a protective order was necessary to prevent future acts of domestic abuse were supported by substantial evidence, and were not clearly erroneous.
"Domestic abuse" is defined, in part, as "[p]hysical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury, or assault, extreme psychological abuse or malicious property damage between family or household members[.]" HRS § 586-1 (2006).[3] McClure and Lite both testified that they had been in a dating and intimate relationship. Based on that testimony, the family court properly found that their relationship fell within the definition of household members.
"Extreme psychological abuse" is defined as "an intentional or knowing course of conduct directed at an individual that seriously alarms or disturbs consistently or continually bothers the individual, and that serves no legitimate purpose; provided that such course of conduct would cause a reasonable person to suffer extreme emotional distress." HRS § 586-1.
Lite testified that McClure engaged in a course of conduct that continually bothered Lite by going to Lite's condominium, arguing with Lite, and calling the police to have Lite arrested. Lite specifically testified that:
I am terrified that an encounter with her will end in my arrest, because [in] previous encounters she has lied about what has occurred and I have been arrested. I have  the last couple times she has come unannounced to my door, I have had anxiety attacks. I can't  I am not able to tolerate being in her presence.
Lite's testimony was substantial evidence of "extreme emotional distress" as a result of McClure's intentional course of conduct. The testimony of a single witness is enough to support the determination of the family court. In re Jane Doe, Born on June 20, 1995, 95 Hawai`i 183, 196-97, 20 P.3d 616, 629-30 (2001) (citations omitted); In re "A" Children, 119 Hawai`i 28, 43, 193 P.3d 1228, 1243 (App. 2008) (citation omitted).
Lite also testified that although he had attempted to end the relationship with McClure on several occasions, McClure continued to appear at his residence unannounced. These unannounced visits resulted in Lite being arrested on several occasions.
Accordingly, there was sufficient evidence to support the family court's findings that domestic abuse had occurred and that a protective order was necessary to prevent future acts of domestic abuse.
(2) The family court did not abuse its discretion by setting the term of the Order for Protection at ten years. HRS § 586-5.5(a) provides that a protective order may be issued for a "fixed reasonable period as the court deems appropriate."
At the April 3, 2008 hearing, Lite requested that the family court issue a no-contact protective order that would last "[f]orever, as long as the Court will allow." In accordance with HRS § 586-5.5(a), the family court did not grant Lite's request for an indefinite protective order, and instead set the term of the Order for a fixed period of ten years.
In the absence of any legal impediment to a term of ten years, the setting of the term of the Order for Protection at ten years was not unreasonable and did not disregard the rules and principles of law, and accordingly was not an abuse of discretion. See In re Guardianship of Carlsmith, 113 Hawai`i 211, 223, 151 P.3d 692, 704 (2006) (holding that an abuse of discretion occurs when a court disregards the law to the substantial detriment of a party) (citations omitted).
Therefore,
IT IS HEREBY ORDERED that the Order for Protection filed April 3, 2008 in FC-DA No. 08-1-0128 is hereby affirmed.
NOTES
[1] The Honorable Richard T. Bissen, Jr., presided.
[2] No answering brief was filed.
[3] A "family or household member" includes "persons who have or have had a dating relationship." HRS § 586-1 (2006). A "dating relationship" is defined, in part, as "a romantic, courtship, or engagement relationship, often but not necessarily characterized by actions of an intimate or sexual nature [.]" HRS § 586-1.