Filed 7/12/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 146

Sara J. Rinas, Petitioner and Appellee

v.

Jordan Michael Engelhardt, Respondent and Appellant

No. 20120019

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Wayne D. Goter, Judicial Referee.

AFFIRMED AS MODIFIED.

Opinion of the Court by VandeWalle, Chief Justice.

Brenda A. Neubauer, 619 Riverwood Drive, Suite 202, P.O. Box 1015, Bismarck, ND 58502-1015, for petitioner and appellee.

Scott A. Hager, 1715 Burnt Boat Drive, Madison Suite, Bismarck, ND 58503, for respondent and appellant.

Rinas v. Engelhardt

No. 20120019

VandeWalle, Chief Justice.

[¶1] Jordan Michael Engelhardt appealed from a domestic violence protection order prohibiting him from having contact with Sara J. Rinas for twenty years.  We modify the domestic violence protection order and affirm as modified.

I.

[¶2] Engelhardt and Rinas, who were never married, have a minor child together.  On September 2, 2011, after the relationship ended, Rinas filed a petition for protective relief from Engelhardt.  Rinas alleged Engelhardt had been physically abusive on multiple occasions, one of which occurred while Engelhardt was holding their child.  Rinas also alleged Engelhardt had threatened to kill her and she received threatening text messages from him.  The district court granted a temporary domestic violence protection order and scheduled a hearing.  In October 2011, Engelhardt filed a parenting time action, but no parenting time order has been issued.  

[¶3] A hearing on the protection order was held before a judicial referee on November 7, 2011.  Rinas and Engelhardt testified at the hearing.  Rinas testified that on one occasion she asked Engelhardt to let her out of the vehicle he was driving, and, as she was getting out and holding their child, Engelhardt started driving while she was partially outside the vehicle.  Rinas said Engelhardt then forced her back into the vehicle.  Rinas testified about another incident when Engelhardt hit her and strangled her while he was holding their child.  Rinas testified that Engelhardt had threatened to kill her and she had received threatening text messages from him.  Rinas also testified about an incident involving a person looking into the windows of the home she shared with Engelhardt.  Rinas said Engelhardt became very nervous and called the police.  The day after this incident, Rinas testified that Engelhardt came home and told her he had a gun in his car to protect them. 

[¶4] Engelhardt testified that he never hit or strangled Rinas, and on the night when he allegedly assaulted Rinas while he held their child, Rinas was drunk and threw the child at him.  Engelhardt said he sent Rinas the text messages out of frustration because Rinas would not let him see his child.  Engelhardt testified he believed Rinas was seeking the protection order to keep his child from him.  Regarding the incident with the vehicle, Engelhardt testified he pulled over the vehicle when Rinas asked, and he convinced her to get back in the vehicle because he did not want to leave her on a highway late at night. 

[¶5] At the hearing, the judicial referee found domestic violence had occurred and entered a permanent domestic violence protection order effective until December 31, 2031.  The protection order granted Rinas temporary custody of the parties’ minor child.  The order required Engelhardt to complete a domestic violence treatment program and a chemical dependency evaluation prior to exercising visitation with the child.  The order provided visitation between Engelhardt and the child must be supervised at the Family Safety Center for the duration of the order.  The protection order also required Engelhardt to surrender all firearms or other dangerous weapons to law enforcement.  Engelhardt filed a request for reconsideration, asking the judicial referee to reconsider the length of the order, the terms relating to his parenting time, and the firearms provision.  The judicial referee denied Engelhardt’s request for reconsideration.  Engelhardt did not exercise his right to have the protection order reviewed by a district court judge.  
See
 N.D. Sup. Ct. Admin. R. 13, § 11 (stating a judicial referee’s findings and order must be reviewed by a district court judge upon a party’s written request).

II.

[¶6] Despite Engelhardt’s testimony at the hearing, he does not challenge the finding of domestic violence on appeal.  Nor does Engelhardt challenge the interpretation of the domestic violence protection order statute; rather, he argues the judicial referee abused his discretion by including the specific terms of relief in the protection order.  The relief a district court may provide in a domestic violence protection order is governed by statute.  N.D.C.C. § 14-07.1-02(4)(a)-(g).  Here, our review is limited to determining whether the judicial referee acted within his statutory authority in granting the relief provided by the protection order.  This standard of review has been called the abuse-of-discretion standard in other, similar contexts.  
See
 
State v. Vick
, 1998 ND 214, ¶ 4, 587 N.W.2d 567 (noting a district court exercises statutory powers when ordering restitution and applying abuse-of-discretion standard to determine whether the district court acted within statutory limits when ordering restitution); 
State v. Magnuson
, 1997 ND 228, ¶¶ 23, 28, 571 N.W.2d 642 (noting appellate review of criminal sentences is generally limited to whether the district court acted within statutory limits under the abuse-of-discretion standard); 
State v. Gates
, 540 N.W.2d 134, 137 (N.D. 1995) (stating review of a district court’s decision to revoke probation is reviewed under the abuse-of-discretion standard and this Court’s review of a sentence imposed after revocation is limited to determining whether the district court acted within limits prescribed by statute).  “A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law.”  
Ude v. Ude
, 2009 ND 211, ¶ 9, 776 N.W.2d 31 (quoting 
Peters-Riemers v. Riemers
, 2001 ND 62, ¶ 7, 624 N.W.2d 83).

III.

[¶7] Engelhardt argues the judicial referee abused his discretion by issuing a protection order for twenty years, requiring him to complete a domestic violence treatment program before exercising parenting time with his child, ordering all parenting time to be supervised by the Family Safety Center, and prohibiting a judge in the parenting time action from making changes to the parenting time schedule of the child.  Engelhardt also argues the court abused its discretion by requiring him to surrender all firearms or other dangerous weapons. 

[¶8] Section 14-07.1-02, N.D.C.C., governs domestic violence protection orders.  The statute does not provide a time period for which a protection order may be in effect.  N.D.C.C. § 14-07.1-02.  It is presumed that the legislature intended a just and reasonable result when enacting a statute.  N.D.C.C. § 1-02-38(3).  While a protection order could be in effect indefinitely under N.D.C.C. § 14-07.1-02, we believe the legislature intended the length of the order to be reasonable under the facts of each particular case.  
See
 N.D.C.C. § 1-02-38(3).  Other states that do not limit the time period a protection order may be in effect have considered whether the length of the protection order was reasonable.  
See
 Vt. Stat. Ann. tit. 15, § 1103(e) (2010); 
Benson v. Muscari
, 769 A.2d 1291, 1298-99 (Vt. 2001) (concluding a five-year period of a final relief-from-abuse order was not unreasonable as a matter of law and the record disclosed the basis for the order); Haw. Rev. Stat. § 586-5.5(a) (2006) (“[T]he court may order that a protective order be issued for a further fixed reasonable period as the court deems appropriate.”); 
Lite v. McClure
, 206 P.3d 472, at *2 (Haw. Ct. App. 2009) (unpublished disposition) (concluding a ten-year order for protection was not unreasonable). 

[¶9] At oral argument, Rinas’s attorney acknowledged that twenty years was an excessive period of time for the protection order to be in effect.  When asked if the twenty-year period was unreasonable per se, Rinas’s attorney responded: “It may be unreasonable per se. . . . As far as twenty years, . . . it may be unreasonable.  We agree.”  Rinas’s attorney further said, “If the Court . . . is inclined to change the duration, . . . we don’t have a standard, direct objection to that. . . . Twenty years, . . . I’m going to concede that’s excessive.”  Rinas’s attorney suggested that a five-year period would be reasonable in this case.  Engelhardt’s attorney believed that a two-

year period would be reasonable.  We agree that a twenty-year protection order is unreasonable under the facts presented here.  While normally we would remand this matter for modification of the protection order, Rinas has requested any modification to the length of the order be done on appeal to alleviate costs and expenses.  
See
 N.D.R.App.P. 35(a)(1) (“Upon an appeal from a judgment or order, the court may reverse, affirm, or modify the judgment or order as to any party.”).  Therefore, we modify the protection order to be effective until December 31, 2016, a period just over five years.  In light of the requirements included in the protection order, it is conceivable that the judicial referee may be willing to revisit the length of the protection order if Engelhardt completes a domestic violence treatment program.  Engelhardt is entitled to seek modification of the order at any time.  N.D.C.C. § 14-

07.1-02(6).

[¶10] Engelhardt argues the judicial referee abused his discretion in requiring that he complete a domestic violence treatment program prior to exercising visitation with his child.  He also objects to the condition that all visitation with his child must be supervised, even after he has completed the domestic violence treatment program.  A district court has the authority to require completion of a domestic violence treatment program and establish temporary visitation rights with regard to minor children as part of a domestic violence protection order.  N.D.C.C. § 14-07.1-02(4)(c)-(d).  As a remedial statute, N.D.C.C. § 14-07.1-02 is to be construed liberally to allow courts to accomplish the goal of protection orders, which is  protecting victims of domestic violence from further harm.  
Ude
, 2009 ND 211, ¶ 19, 776 N.W.2d 31.

[¶11] At the hearing, the judicial referee found Rinas to be more credible than Engelhardt. In denying Engelhardt’s request for reconsideration, the referee believed, “Respondent is apparently attempting to circumvent the order in this case without completing a domestic violence program, which I deem to be essential to safe parenting by the respondent.”  The referee included the completion of a domestic violence treatment program as a requirement in part because:

the parties[’] child was not only present, but ‘in the line of fire’ when the domestic violence occurred. I also based my decision on my perceptions of the respondent, including his refusal to accept responsibility for his actions, his attempt to place the blame on the petitioner, and my belief that the respondent was not entirely candid in his testimony.

We respect the judicial referee’s opportunity to weigh the credibility of witnesses.  
Wolt v.Wolt
, 2010 ND 33, ¶ 24, 778 N.W.2d 802.  Additionally, because the referee deemed completion of the program “to be essential to safe parenting by” Engelhardt, it is reasonable to assume the judicial referee may be willing to modify the terms of the protection order governing parenting time if Engelhardt completes a domestic violence treatment program.  A domestic violence protection order may be modified at any time upon a petition by either party.  N.D.C.C. § 14-07.1-02(6).  We conclude the referee did not abuse his discretion in requiring Engelhardt to complete a domestic violence treatment program before exercising his visitation rights and requiring all visitation to be supervised.

[¶12] Engelhardt argues the judicial referee abused his discretion by prohibiting a judge in the parenting time action from making changes to the child’s parenting time schedule.  The district court has the authority to award temporary custody and visitation of a minor child in a domestic violence protection order.  N.D.C.C. § 14-

07.1-02(4)(c).  Section 14-07.1-02(6), N.D.C.C., provides, “The court may amend its order or agreement at any time upon subsequent petition filed by either party.”  Under this provision, the custody and visitation provisions relating to Engelhardt’s minor child may be modified at any time.  N.D.C.C. § 14-07.1-02(6).  In the order denying Engelhardt’s request for reconsideration, the referee said in part:

I also decline to grant respondent his final request which is that I include language in the domestic violence protection order that would allow the provisions of this order to be modified or reversed by the order of another court.  Respondent is apparently attempting to circumvent the order in this case without completing a domestic violence program, which I deem to be essential to safe parenting by the respondent.  

The court would revisit this issue if respondent does prevail in his pending custody action
[.]

(Emphasis added).  Contrary to Engelhardt’s assertion, the judicial referee did not prohibit a judge in the parenting time action from modifying the parenting time schedule.  Rather, the referee declined to “include language in the domestic violence protection order” allowing the order to be modified by a different court.  Additionally, the referee expressed his willingness to reconsider the issue of parenting time based on developments in the custody action.  

[¶13] We recognize there is the potential for the protection order and a future custody order to have conflicting terms regarding parenting time.  In 
Ude
, we considered a domestic violence protection order that altered the parenting time schedule in an existing divorce decree.  
Ude
, 2009 ND 211, ¶ 19, 776 N.W.2d 31.  We encouraged courts to attempt to avoid conflicting terms as to parenting time:  

District courts issuing protection orders should initially attempt to reconcile the substantive visitation terms of the protection order with those in an existing divorce decree.  While this is a preferred first step, reconciliation is not required in every case.  When there is an irreconcilable conflict between the visitation terms of an existing divorce decree and those in a proposed protection order, the authority vested in the district court by N.D.C.C. § 14-07.1-02(4)(c) allows the visitation terms of the protection order to be controlling.

Id.
 at ¶ 23.  We recognize that in this case the protection order, with its visitation terms, is in place and a custody order has not yet been issued.  However, we believe the guidance in 
Ude
 is equally applicable here.  The judicial referee recognized the potential for conflicting terms and expressed a willingness to avoid such conflicts by stating, “The court would revisit this issue [parenting time] if respondent does prevail in his pending custody action[.]”  

[¶14] The judicial referee acted within his statutory authority by including visitation terms in the domestic violence protection order.  
See
 N.D.C.C. § 14-07.1-02(4)(c).  The referee did not exceed that authority by declining to add language to the protection order that would allow the provisions of the protection order to be modified or reversed by another court.

[¶15] Engelhardt also argues the judicial referee abused his discretion by requiring him to surrender all firearms and other dangerous weapons for the twenty-year period of the protection order.  As part of a domestic violence protection order, a district court may order a respondent to surrender a firearm or other dangerous weapons upon a showing of probable cause that the respondent is likely to use, display, or threaten to use such a weapon in any further acts of violence.  N.D.C.C. § 14-07.1-02(4)(g).  Probable cause is a minimal burden of proof, and its existence is a question of law.  
Interest of R.A.
, 2011 ND 119, ¶ 7, 799 N.W.2d 332.  The referee noted that Engelhardt did not use a firearm to perpetrate the domestic violence, “but I have probable cause to believe that it may be in the future given the way these things have evolved.”  In light of the referee’s findings of credibility, we conclude probable cause existed to believe Engelhardt was likely to use, display, or threaten to use a dangerous weapon in further acts of violence, and the referee did not abuse his discretion by ordering Engelhardt to surrender all firearms and dangerous weapons.  Although Engelhardt contests the inclusion of the weapon prohibition, his main objection is to the length of time this prohibition is in effect.  Because the weapon prohibition is in effect for the length of the protection order, our modification of the effective period of the protection order from twenty years to five years also reduces the effective period of this prohibition to five years. 

[¶16] Rinas requests that she be awarded costs and attorney’s fees on appeal.  Rule 38, N.D.R.App.P., allows this Court to award just damages, including reasonable attorney’s fees, if an appeal is frivolous or any party has been dilatory in prosecuting the appeal.  Rinas does not argue, and the record does not reflect, that Engelhardt’s appeal is frivolous or that he has been dilatory in prosecuting his appeal.  Therefore, Rinas is not entitled to costs and attorney’s fees under N.D.R.App.P. 38.

IV.

[¶17] We modify the domestic violence protection order to be in effect until December 31, 2016, and we affirm the order as modified.

[¶18] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom