# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 70

B.S., B.S. on behalf of John Doe,
B.S. on behalf of Jane Doe,                     Petitioners and Appellees

     v.

Carlos Lopez-Rangel,                            Respondent and Appellant

## No. 20250357

Appeal from the District Court of Dunn County, Southwest Judicial District, the Honorable James D. Gion, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Fair McEvers, Chief Justice.

Lindsey J. Pouliot, Bismarck, ND, for petitioners and appellees.

Kari L. Jensen (argued) and Kevin J. Chapman (on brief), Williston, ND, for respondent and appellant.

**Fair McEvers, Chief Justice.**

[¶1]   Carlos Lopez-Rangel appeals from a Domestic Violence Protection Order (DVPO) entered against him. Lopez-Rangel challenges the order's inclusion of his children as protected parties and the order's unlimited duration. We affirm in part, reverse in part, and remand.

I

[¶2]   On July 16, 2025, B.S. filed a petition for protective relief against Lopez-Rangel on behalf of herself and the parties' two minor children. The petition alleged Lopez-Rangel had sexually assaulted B.S. in her home. On July 17, 2025, the district court granted a temporary DVPO against Lopez-Rangel in favor of B.S. and the parties' two minor children. On August 21, 2025, after a hearing to determine whether to extend the order, the court entered a DVPO against Lopez-Rangel in favor of B.S. and the minor children with an expiration date of "unlimited." Lopez-Rangel timely appealed.

II

[¶3]   Lopez-Rangel argues the district court erroneously included his children as protected parties under the DVPO as there was no evidence of domestic violence committed upon or observed by the children. He further argues the district court erred in granting a DVPO of unlimited duration.

[¶4]   A DVPO is a civil action primarily for injunctive relief. *Legacie-Lowe v. Lowe*, 2023 ND 140, ¶ 4, 994 N.W.2d 177 (quoting *Ficklin v. Ficklin*, 2006 ND 40, ¶ 12, 710 N.W.2d 387). This Court has well-established the standard for reviewing a district court's decision regarding a DVPO:

> A district court's finding of domestic violence is a finding of fact that will not be overturned unless it is clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made. The

1

question whether the trial court has misinterpreted the domestic violence statute is a question of law that is fully reviewable on appeal.

*Anderson v. Krueger*, 2025 ND 161, ¶ 3, 26 N.W.3d 556 (quoting *Legacie-Lowe*, ¶ 4). Rule 52(a), N.D.R.Civ.P., applies to domestic violence protection orders. *Tracey v. Tracey*, 2023 ND 219, ¶ 9, 997 N.W.2d 852. Under N.D.R.Civ.P. 52(a)(1), district courts "must find the facts specially" in actions tried without a jury. Findings of fact must sufficiently enable an appellate court to understand a district court's factual determinations and basis for its conclusions of law. *Hanneman v. Nygaard*, 2010 ND 113, ¶ 19, 784 N.W.2d 117. "A district court's findings of fact should be stated with sufficient specificity to assist the appellate court's review and to afford a clear understanding of the district court's decision." *Id.* ¶ 19 (quoting *Rothberg v. Rothberg*, 2006 ND 65, ¶ 14, 711 N.W.2d 219 (cleaned up)).

A

[¶5]   Lopez-Rangel argues the district court erroneously included his children as protected parties under the DVPO as there was no evidence of domestic violence committed upon or observed by the children.

[¶6]   At the DVPO hearing, B.S. testified that Lopez-Rangel "raped" her twice on July 9-10, 2025, she made a police report, and her subsequent rape kit revealed multiple vaginal injuries. The district court also received photos of other injuries B.S. sustained as a result of the incidents. She further testified the parties' three-year-old child was asleep in a room separate from where the "rapes" occurred, and their one-year-old child was asleep next to her bed where the second "rape" occurred. She testified she did not know if the children were awake or heard anything during the incidents. Based on evidence and arguments made at the hearing, the court was aware that Lopez-Rangel had been criminally charged with gross sexual imposition and aggravated assault, a no contact order was issued as a condition of bail protecting B.S., and a temporary no contact order protected the children. The court was also aware the parties had a pending motion regarding parenting time, requesting Lopez-Rangel be required to have supervised parenting time. At the DVPO hearing, the court orally found, on the record:

2

> So I'm going to tell you from the outset that any ruling that I make here today is going to be — as far as the children — is going to be specifically subject to any other court of competent jurisdiction is the way I like to put it. So if — whether it's the criminal court, where they're saying right now no contact, I'm not touching that. . . . And as far as the domestic relations matter, I'm not going to issue an order here that is binding on that Court.
>
> . . . .
>
> That being said, the Court finds there is — the Petitioner has met the burden of showing, by a preponderance of the evidence, that domestic violence occurred. . . .
>
> So I am going to grant the restraining order, finding that domestic violence was committed toward [B.S.].
>
> I did not hear anything that indicated domestic violence was directed towards the children; however, I am aware that you can — you know, when you look at domestic violence in a home, that sometimes it's a very narrow border.

[¶7] Lopez-Rangel does not challenge the district court's decision to include B.S. as a protected party under the DVPO. These uncontested findings are adequate to support the court's decision to include B.S. as a protected party under the DVPO. *See Wagner v. Wagner*, 1998 ND 117, ¶ 9, 579 N.W.2d 207 (stating uncontested findings of fact are presumptively correct). However, he argues the children should not have been included as B.S. presented no evidence showing Lopez-Rangel committed domestic violence against the children or that the children witnessed any domestic violence.

[¶8] "The party seeking the protective order must prove actual or imminent domestic violence by a preponderance of the evidence." *Tracy v. Tracy*, 2024 ND 195, ¶ 4, 13 N.W.3d 105. "Domestic violence" includes "physical harm, bodily injury, sexual activity compelled by physical force, assault, or the infliction of fear of imminent physical harm, bodily injury, sexual activity compelled by physical force, or assault, not committed in self-defense, on the complaining family or household members." N.D.C.C. § 14-07.1-01.

[¶9] B.S. relies on *O'Hara v. Schneider*, 2017 ND 53, 890 N.W.2d 831, to argue evidence not directly targeting a child is relevant in a DVPO proceeding. In *O'Hara*, Schneider was punched in the face and knocked to the ground by O'Hara

during a parenting exchange. *Id.* ¶ 4. Schneider testified that the child was traumatized by the incident and lost sleep for a month. *Id.* Schneider sought a domestic violence restraining order against O'Hara, which was granted as to her, but did not provide protection for the child. *Id.* ¶ 5. Schneider then moved the district court to modify O'Hara's parenting time from unsupervised to supervised. *Id.* ¶ 5. On appeal from the court's order denying Schneider's motion to modify parenting time, this Court discussed whether a parent endangers the well-being of a child by inflicting violence on the other parent, but not the child. *Id.* ¶ 27. We noted that the lack of violence toward children does not rebut the presumption under either N.D.C.C. § 14-09-06.2(1)(j) or § 14-09-29(2). *Id.* We stated, "[t]he legislature intended that courts *presume* that *any* domestic violence negatively impacts the best interests of the children" regarding residential responsibility decisions. *Id.* (emphasis in original). Under N.D.C.C. § 14-09-06.2, domestic violence is considered by the court for the purpose of determining parental rights and responsibilities. A presumption arises:

> If the court finds credible evidence that domestic violence has occurred, and there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding, this combination creates a rebuttable presumption that a parent who has perpetrated domestic violence *may not be awarded residential responsibility for the child*.

N.D.C.C. § 14-09-06.2(1)(j) (emphasis added). "This statutory presumption rests on the premise that children are harmed emotionally and too often physically when they are around perpetrators of domestic violence." *O'Hara*, ¶ 27.

[¶10] In primary residential responsibility determinations, the best interests of the child are the paramount consideration. *Armitage v. Armitage*, 2024 ND 97, ¶ 14, 6 N.W.3d 828. Factor (j) is one of several factors to be considered when determining a child's best interests. N.D.C.C. § 14-09-06.2(1)(a)-(m). The statutory presumption applies when determining parental rights and responsibilities, and does not extend to domestic violence protection order proceedings where the petitioner "must prove actual or imminent domestic

violence by a preponderance of the evidence." *Tracy*, 2024 ND 195, ¶ 4. B.S.'s reliance on *O'Hara* is therefore misplaced.

[¶11] Further, nothing in the record or the district court's findings show by a preponderance of the evidence that domestic violence was committed against the children, either actual physical harm or the infliction of fear of imminent physical harm. Rather, the court found no evidence of domestic violence toward the children. Unlike the child in *O'Hara*, here, there was no evidence that the children were traumatized or that they showed any adverse effects.

[¶12] The district court's uncontested findings to include B.S. as a protected party under the DVPO are adequate to support the court's decision to include B.S. We therefore affirm the DVPO as to the inclusion of B.S. as a protected party. However, the court's findings do not support a factual basis for including the children as protected parties. We reverse the district court's inclusion of the children as protected parties under the DVPO.

B

[¶13]   Lopez-Rangel argues the district court erred by granting a DVPO with an "unlimited lifetime."

[¶14] "The relief a district court may provide in a domestic violence protection order is governed by statute." *Rinas v. Engelhardt*, 2012 ND 146, ¶ 6, 818 N.W.2d 767; N.D.C.C. § 14-07.1-02(4)(a)-(g). Challenges to the relief provided in a DVPO are reviewed under an abuse of discretion standard. *See Rinas*, ¶ 6 (articulating abuse of discretion standard applied upon appellant's challenge to terms of relief provided in DVPO).

[¶15]  At the protection order hearing, the district court stated:

> The term of this will be unlimited. That doesn't mean — basically forever as requested — that doesn't mean that it can't be rescinded in the future, but the circumstances — and it's going to be — you're going to have to figure out a way to deal with this as you co-parent, assuming that co-parenting is going to happen, but we can't have this.

5

The district court's order states, "This order expires on: Unlimited" and includes a firearm possession prohibition stating, in relevant part:

> There being probable cause to believe Respondent is likely to use, display, or threaten to use a firearm or dangerous weapon in any further acts of violence, respondent shall surrender to law enforcement serving this Order all firearm[s] or other dangerous weapon[s] that the respondent owns or possesses . . . .
> *When this order expires*, the appropriate law enforcement agency is authorized to release to the respondent any firearms or other dangerous weapons surrendered under this order, so long as the respondent is authorized by law to possess the firearm or weapon.

(Emphasis added.) Lopez-Rangel characterizes the DVPO's "unlimited lifetime" as "unreasonable."

[¶16] Section 14-07.1-02, N.D.C.C.,[1] the statute governing domestic violence protection orders at the time of the hearing, does not enumerate specific limitations or instructions on the duration of protection orders. The statute allows a court to amend its order based upon a subsequent petition filed by either party. *See* N.D.C.C. § 14-07.1-02(6). That statute also provides that an order may be extended, modified, or terminated. *See also* N.D.C.C. § 14-07.1-02(10) (requiring such modifications be transmitted for inclusion in the national crime information center database provided by the federal bureau of investigation). "While a protection order could be in effect indefinitely under N.D.C.C. § 14-07.1-02, we believe the legislature intended the length of the order to be reasonable under the facts of each particular case." *Rinas*, 2012 ND 146, ¶ 8. A district court's findings "should be stated with sufficient specificity to assist the appellate court's review and to afford a clear understanding of the district court's decision." *Hanneman*, 2010 ND 113, ¶ 19 (cleaned up). The district court's findings on the record do not sufficiently afford to this Court a clear

---

[1] Repealed January 1, 2026, but in effect at the time of the August 2025 hearing.

understanding for the basis for its decision to enter a DVPO of unlimited duration.

[¶17] We conclude the district court abused its discretion by failing to provide a clear rationale in its findings to impose an unlimited duration in the DVPO. We reverse and remand that portion of the DVPO for the district court to make sufficient findings and to impose a reasonable duration under the facts of this case.

## III

[¶18] We have considered the parties' remaining arguments and determine they are either unnecessary for our decision or without merit. We affirm the DVPO as to its inclusion of B.S. as a protected party. We reverse the DVPO as to the inclusion of the children, and reverse and remand the DVPO of unlimited duration for the district court to make findings and include a reasonable duration under the facts on the record of the case.

[¶19]  Lisa Fair McEvers, C.J.
      Jerod E. Tufte
      Jon J. Jensen
      Douglas A. Bahr
      Mark A. Friese